[No. 10,748.—In Bank.]
August 21, 1882.

## THE PEOPLE *v.* JOSEPH KERN.

HOMICIDE—EVIDENCE AS TO PREVIOUS CONDUCT OF DEFENDANT.— Upon a trial for murder a witness for the prosecution was permitted to testify, over the objection of the defendant, in effect, that the deceased, who had been living with the defendant as his wife, about a month before her death came to her house, which was next door to the house of defendant greatly excited, and stayed all night, and that when she came the witness heard the defendant swearing and breaking the doors and windows and things in his own house, etc.

*Held* : The evidence was admissible. It tended to show the state of the defendant's feelings towards the woman and his treatment of her, and in some degree to show a motive for taking her life.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of City and County of San Francisco. FERRAL, J.

*Charles H. Wolff*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

McKEE, J.:

During the examination in chief of a witness for the prosecution, who had testified that she lived next door to the house where defendant and deceased had lived together as husband and wife until the time of the homicide, the following question was propounded to the witness by the District Attorney: "About a month before her death did deceased come to your house and stay all night, and if so, state why she came there, and under what circumstances?" Objection was made by defendant's counsel that the question was irrelevant, incompetent and immaterial; but upon the District Attorney stating to the Court that the object of the question was to show the acts and words of the defendant on the occasion referred to in the question, and not elicit any statement or declaration of the deceased, the objection was overruled, and the witness answered: ".The deceased came to my house between one and two o'clock in the morning, greatly excited, and stayed all night. When she came, I heard the defendant swearing, and breaking the doors, windows and things in his own house. * * * This was going on for some time," etc. Motion was then made to strike out the answer on the same ground of irrelevancy, which was likewise denied. We think exceptions to these rulings were not well taken.

The conduct of defendant towards the woman with whom he had lived as his wife and for whose murder he was on trial, was not irrelevant. Resulting as it seems to have done, at times, in quarrels and alienations between them of such a character as to drive the woman from her house, they were in themselves, circumstances, in connection with the circumstances of the homicide, for the consideration of the jury. They tended to show the state of the defendant's feelings towards the woman and his treatment of her, and, in some degree to show a motive for taking her life. (*Hinds* v. *The State*, 55 Ala. 145; *Murphy* v. *The People*, 63 N. Y. 590; *Reg.* v. *Edwards*, 12 *Cox's Crim. Cas.* 230.)

Where acts or words of a defendant in a criminal case tend

in any degree to establish any fact in a series tending to the fact in dispute they are not subject to the objection of irrelevancy. Judgment and order affirmed.

MORRISON, C. J., and MYRICK, McKINSTRY, THORNTON, ROSS, and SHARPSTEIN, JJ, concurred.