[No. 20399. In Bank. — June 15, 1888.]

THE   PEOPLE,  RESPONDENT,  *v.*  WORTH  BROWN,
APPELLANT.

CRIMINAL LAW — MURDER — MALICE — EVIDENCE OF REMOTE QUARREL. —
In a prosecution for murder, evidence of a quarrel between the defendant and the deceased, and of threats made by the former against the latter, is admissible to show malice, although occurring several years prior to the homicide.

ID. — DEFENDANT WITNESS IN HIS OWN BEHALF — CROSS-EXAMINATION. —
Where a defendant in a prosecution for murder testifies as a witness in his own behalf that he drew the pistol with which he fired the fatal shot merely to scare the deceased, and that he had no desire or intention to shoot him, and had no quarrel with him on that day, it is proper on cross-examination to ask him whether or not he had a quarrel with the deceased a few moments before the shooting, and as to what kind of a pistol he had, and why he cocked it.

ID. — UNPREJUDICIAL ERROR. — The defendant, having denied ever having had a quarrel with the deceased, was asked whether or not they had quarreled several years previous to the homicide. The question was objected to by the defense, and allowed by the court. He answered the question in the negative. *Held*, that, conceding the question was improperly allowed, the error was without prejudice.

ID. — NEW TRIAL — SICKNESS OF JUROR. — The sickness of a juror during the trial, which is not so severe as to incapacitate him from performing his duties, is not ground for a new trial.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Oregon Sanders*, and *W. A. Gray*, for Appellant.

*Attorney-General Johnson*, for Respondent.

McFARLAND, J. — The defendant was convicted of murder in the second degree, and appeals from the judgment and order denying a new trial.

The case was here on a former appeal (72 Cal. 390), when the defendant was convicted of murder in the first degree, and the judgment was reversed on a point which did not arise upon the second trial.

1. The witness Mrs. Clark was allowed, against defendant's objection, to testify to a quarrel between the defendant and the deceased, and threats made by the former against the latter.

The ground of the objection was, mainly, that the quarrel testified to happened several years prior to the homicide.

This testimony was to the point of malice; and while it was somewhat remote, we cannot say that it was inadmissible. Its remoteness went to its weight.

2. It is objected that the cross-examination of the defendant, who offered himself as a witness, was allowed to take too wide a range. The defendant testified as follows: "My object in drawing my pistol was to scare my brother away, so that he would not shoot me. I had no desire or intention to shoot him. I had had no quarrel with him that day." The questions asked him were, mainly, whether or not he had a quarrel with the deceased a few minutes before the shooting, what kind of a pistol he had, and why he cocked it, etc. These questions were, we think, clearly proper. The prosecuting attorney then asked him this question: "You say you never had a quarrel with your brother?" To this question defendant, without making any objection, answered, "No, sir." He was then asked if he had a quarrel with the deceased in a certain hotel some years before. Objection was made to this question, the objection was overruled, and the defendant answered, "No, sir; I did not." Conceding that the last question was improperly allowed, under the authority of *People* v. *O'Brien,* 66 Cal. 602, we do not see how defendant was prejudiced by the error. He would not have been in any more favorable position if the question had neither been asked nor answered.

3. During the trial one of the jurors became sick. His condition was apparent to all persons present. The judge of the court called attention to the juror's illness

several times.    He was asked if he was able to perform
his duties as a juror, and was told that if he was not,
the court would take a recess, or excuse him if necessary,
etc.; but he replied to each inquiry that he was better,
and could go on.    No objection was made to the juror
by defendant, nor did any one object to proceeding with
the trial.    But the sickness of this juror was afterward
sought to be used as ground for a new trial; and evi-
dence was introduced tending to show that his sickness
prevented his mind from acting clearly and fairly in
considering the case and arriving at a verdict.    The
attorney-general contends that in no case can the sick-
ness of a juror be a cause for a new trial.    Section 1181
of the Penal Code provides that a new trial may be
granted *only* in the cases enumerated in seven subdivis-
ions of the section.    The ground relied on here must
be included, if at all, in subdivision 4, which is as fol-
lows: "When the verdict has been decided by lot, or by
any means other than a fair expression of opinion on
the part of all the jurors."    It would be quite a stretch
of construction to hold that the sickness or mental con-
dition of a juror would be one of the "means" contem-
plated by this language; and yet we are not prepared to
say that some extreme cases of this kind might not, by
necessity, be brought within it,—such, for instance, as
the insanity of a juror occurring after the jury had been
impaneled, and not discovered until after the verdict.
It is sufficient, however, for the purposes of this appeal,
to say that no such extreme case was made out by the
evidence received by the court, or offered by the appel-
lant, on the hearing of the motion.    There was no pre-
tense that the juror was of "unsound mind."    The
most that can be said of the evidence is, that in the
opinion of some physicians the pain which the juror
suffered from—an attack of pneumonia—must have
prevented him from exercising that "keen judgment or
calm deliberation" which a juror ought to possess.    We

think, therefore, that under any view of the law, the court below properly held this ground for a new trial insufficient.

There are no other points in the case necessary to be noticed.

Judgment and order denying a new trial affirmed.

SEARLS, C. J., PATERSON, J., SHARPSTEIN, J., and McKINSTRY, J., concurred.