# REPUBLIC of HAWAII *v.* CHARLES PALEA.

## EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED SEPTEMBER 25, 1899.    DECIDED OCTOBER 21, 1899.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY IN PLACE
OF JUDD, C.J., ABSENT.

1. Sec. 370, Chap. 37, Penal Laws. Vagrancy. Objection to the charge on the ground that it alleged two distinct offenses is overruled.

2. Under Sec. 370, Penal Laws, to constitute a lawful excuse for visiting the house of married persons in the night time at the request of the wife, there must be an invitation by her for a lawful purpose, and if accepted, the acceptance must be for a lawful purpose.

3. A request to charge the jury, "if you believe that the defendant went to the house of A at the request or solicitation of Mrs. A his presence there was lawful and you must acquit," was properly refused under the circumstances of the case.

4. The instruction given held proper: "if the defendant went to the house of A in the night time for the purpose of having sexual intercourse with A's wife, then he was there without lawful excuse and is guilty as charged, even though A's wife invited him to come for that purpose. The invitation of a married woman to a man, not her husband, to come to her home and bed for the purpose of having sexual intercourse with her, is not a lawful excuse for doing so."

5. Sickness of a juror. A mere temporary attack of sickness, though it may for the time being incapacitate a juror, is not necessarily a reason for discharging him. When the circumstances permit, it is proper to wait a reasonable time for the juror's recovery, and if he so far recovers as to permit the trial to proceed, and there is no reason to suppose that he was mentally incapacitated by his sickness, the verdict will not be disturbed.

The defendant was charged, tried and convicted, with being on the premises of Ah Chuna in the night time without lawful excuse. The full charge is as follows:

Charles Palea is accused by Cecilia Ah Chuna of being guilty of a misdemeanor, that is to say, that the said Charles Palea being a person who is and was at the time said misdemeanor was committed, lewd, wanton and lascivious in speech and behavior, was found by night, to-wit, on or about the night of September 17, 1898, without lawful excuse, in a dwelling house, to wit, the dwelling house of Ah Chuna in the district of Wailuku, Maui, H. I., contrary to Section 370, Chap. 37, Penal Code of Hawaii.

1. The defendant now objects to the charge on the ground that it alleged two distinct offenses. The words "being a person * * *. lewd, wanton and lascivious in speech and behavior" do not describe a distinct or separate offense but may be deemed words of description and discarded as surplusage; but one offense is charged.

2. It was also contended on behalf of defendant that the statute (Penal Laws, Sec. 370) under which he was convicted is in conflict with the first part of Article 63 of the Constitution which provides that "Each law shall embrace but one subject which shall be expressed in its title." This point also was disposed of in the case of Fernandez, 12 Haw. 120, which held this section of the Penal Laws was constitutional.

3. The defendant requested the following instruction, which was refused: "If you believe that the defendant went to the house of Ah Chuna at the request or solicitation of Mrs. Ah Chuna, his presence there was lawful and you must acquit."

The court gave the instruction requested by the prosecution, viz.: "If the defendant went to Ah Chuna's house in the night time for the purpose of having sexual intercourse with Ah Chuna's wife, then he was there without lawful excuse and is guilty as charged, even though Ah Chuna's wife invited him to come for that purpose. The invitation of a married woman to a

man, not her husband, to come to her home and bed for the purpose of having sexual intercourse with her, is not a lawful excuse for doing so."

The defendant excepted to the giving of this charge. In a case of this nature, the request of the defendant was properly refused and that of the prosecution properly given.

It does not seem open to question or sound argument that, on a charge of this offense, to constitute a *lawful excuse* for visiting the home of married persons in the night time at the request of the wife, there must be an invitation by her for a lawful purpose, and if accepted, the acceptance must be for a lawful purpose. An invitation by a wife, a servant, a guest or any like person to another to visit her or him at the home of her husband or employer or host, for the purpose of committing a criminal offense, adultery, larceny, robbery or any crime, or misdemeanor, will not, if accepted, constitute a lawful excuse for being on the premises at night time within the meaning of the law.

The full charge of the court to the jury is not before us.

4. While the court was delivering its charge to the jury, said charge being partially delivered, one of the jurors, Wahinekoa, duly empanelled to try the cause, was taken ill and seized with an attack of faintness, and carried out to a room adjoining the jury box. That subsequently the juror returned into the jury box and the court proceeded with its charge, and the jury retired to deliberate on their verdict and subsequently returned and rendered their verdict. The defendant excepted to the case proceeding at the time of the illness of the juror and also excepted to the verdict as contrary to the law and the evidence, and also for misconduct of the jury in that one of the jurors, Wahinekoa, was disqualified on account of illness to properly discharge his duties as a juror. The defendant also moved to set aside the verdict and grant a new trial on the above grounds. Affidavits were filed as to the illness of the juror, the substance of which follows:

Geo. Hons, sworn. Attorney of defendant, present during the trial, knows the juror Wahinekoa. During the delivery of the charge of the court to the jury, the affiant noticed that the said

juror appeared to be acting strangely, his body in a swinging motion and that he suddenly collapsed in his chair, his arms and legs in a violent motion, he being apparently afflicted with severe pains; that the juror was undoubtedly for some time unconscious; that thereupon officers began pouring water over the head and face of the juror who did not appear to regain consciousness, and was carried out of the jury box into the room adjoining; a physician was called, who was in attendance on the juror for fifteen minutes; that the court ceased proceeding in the charge and subsequently the juror returned to the jury box, and the court after addressing the juror in Hawaiian proceeded with the charge to the jury.

Dr. Charles Davison, sworn. Duly qualified medical practitioner; knows juror Wahinekoa; on Dec. 9, 1898, was called to the court house and found the juror lying on the floor adjoining the court room; he found the juror recovering from a fit of unconsciousness due to stomachical vertigo, the chief cause of his illness being the want of food, the patient having eaten nothing that day; the attack taking place between four and five o'clock in the afternoon his age also being a factor, being about 55 years old; that in his judgment the juror must have suffered for some time previous to the attack with pains, faintness and possibly disordered action of the heart, and that in the opinion of affiant for some time previous to the attack the juror was unable to fix his attention fully on any matter or matters requiring concentrated mental effort; that a period of unconsciousness would probably interfere with a clear remembrance of anything which the juror might have witnessed or heard prior to his attack of unconsciousness.

These affidavits were made on December 21, 1898, thirteen days after the trial.

As a part of the motion for a new trial, it was stipulated between the attorney for defendant and the deputy attorney-general that "Dr. Davison, after examining the juror Wahinekoa in the room adjoining the court room, gave it as his opinion that the juror was in a fit condition to proceed with the trial and so stated

to the deputy attorney-general and allowed the juror to proceed with the trial, and also that before proceeding with the trial the presiding judge asked the juror if he understood all that had taken place prior to the suspension of the trial on account of his illness, and that the juror replied in the affirmative. It was also stipulated that Dr. Davison after the trial took the juror to his own house and examined him. When the juror again took his seat the court asked if he was able to sit in the case, and he said he was." The trial court was satisfied that the juror was not incapacitated mentally. The doctor's statements as to the juror's mental capacity made at the time of the sickness of the juror support the judgment of the trial court, and we are not satisfied to the contrary. It has not been shown that the sickness of the juror was prejudicial to the defendant.

"A mere temporary attack of sickness, though it may for the time being incapacitate a juror, is not necessarily a reason for discharging him. Where the circumstances permit, it is proper to wait a reasonable time for the juror's recovery, and if he so far recovers as to permit the trial to proceed, and there is no reason to suppose that he was mentally incapacitated by his sickness, the verdict will not be disturbed." 12 Ency. Pl. & Pr. 547; *Hughes v. The People,* 116 Ill. 330; *People v. Brown,* 76 Cal. 573; *Nichols v. Nichols,* 136 Mass. 256.

The evidence fully supports the verdict; it shows that defendant went, between 11 and 12 o'clock at night to the premises of Ah Chuna for the purpose of having sexual intercourse with Mrs. Ah Chuna and that he attempted to, but she repelled him. The evidence does not prove that Mrs. Ah Chuna invited defendant to go there to have such intercourse with her.

Exceptions are overruled.

*Dep. Attorney-General E. P. Dole* for the prosecution.

*George Hons* for the defendant.

*C. Creighton* of counsel in the Supreme Court.