[Crim. No. 226.   First Appellate District.—April 14, 1911.]

## THE PEOPLE, Respondent, v. EDWARD M. PIERCY, Appellant.

CRIMINAL LAW—CHARGE OF ASSAULT WITH INTENT TO MURDER—CONVICTION OF ASSAULT WITH DEADLY WEAPON—SUPPORT OF VERDICT.—Where a defendant was charged with an assault with a loaded revolver with intent to murder the prosecuting witness, and was convicted of an assault with a deadly weapon, it is held, upon a review of the whole case, that there is ample evidence to support the verdict, and to show that the defendant made an attempt to use a deadly weapon with the intent to commit a violent injury upon the person of the complaining witness, and that at the moment when he made the attempt the defendant had the ability to execute his intent.

ID.—DISARMING OF DEFENDANT BY THIRD PERSON—CRIMINAL CONDUCT NOT LESSENED.—The fact that the defendant was thwarted in his attempt before it resulted in actual violence, by being disarmed by a third person, did not render his conduct any the less criminal.

ID.—REQUESTED INSTRUCTION—EFFECT OF VOLUNTARY INTOXICATION—MEDICINAL INTOXICATION CLAIMED INVOLUNTARY.—Where, at request of defendant's counsel, the court instructed the jury as to the effect of voluntary intoxication, in the language of section 22 of the Penal Code, and as to its effect in determining the intent with which he committed the act charged against him, it is held that the contention of such counsel that the intoxication was not voluntary, because the brandy which produced it was taken medicinally, is unworthy of consideration, and that he cannot be heard to complain of the instruction given at his request.

ID.—UNAUTHORIZED VERDICT—PROPER REFUSAL OF REQUEST.—Although the evidence might have supported a charge of exhibiting a deadly weapon in a rude and threatening manner, yet as such offense was not included in the offense charged in the information, a verdict

could not be rendered therefor, and the court did not err in refusing to charge the jury upon the subject matter of section 417 of the Penal Code.

ID.—Request Embodied in Charge.—The court properly refused a requested instruction which is substantially included in the charge of the court as well as in other instructions given at defendant's request.

ID.—Construction of Charge.—Where the charge, as a whole, fully and correctly stated the law of the case, the court was not required to include in every paragraph of the instructions a reference to the essentials of the crime charged in the information, or of any lesser offense included therein.

ID.—Evidence—Previous Hostility of Defendant to Complaining Witness.—The court properly admitted evidence that defendant had on a previous occasion quarreled with the complaining witness, and expressed hostility toward him. The testimony was admissible to show malice or motive.

ID.—Remoteness of Evidence—Question of Weight.—The objection that such evidence was too remote from the time of the commission of the offense went to the weight rather than to the admissibility of the evidence.

APPEAL from a judgment of the Superior Court of Santa Clara County. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

C. D. Wright, for Appellant.

U. S. Webb, Attorney General, and J. Chas. Jones, for Respondent.

LENNON, P. J.—The defendant was charged with the crime of assault with intent to commit murder. He was found guilty of the crime of assault with a deadly weapon, and the judgment and sentence of the court was that he pay a fine of $500 with the alternative of imprisonment in the county jail.

This appeal is from the judgment and the order of the court denying the defendant's motion for a new trial.

The information charged that the defendant made an assault upon the person of W. A. Beasley with a loaded revolver with intent to murder; and counsel for the defendant, in support of the appeal, asserts that the evidence is insufficient to

justify the verdict; that the verdict is against law, and that the court erred upon questions of law occurring during the trial and in its instructions to the jury.

In substance, the facts upon which the information was based and the conviction had are these:

On July 14, 1910, the defendant entered the office of the complaining witness in the city of San Jose in an intoxicated condition and evidently in an angry mood. Without provocation he abused and ridiculed the complaining witness because of a real or fancied grievance arising out of a past business transaction. Finally the defendant "reached around to his hip pocket and pulled out a gun." The gun, it will be noted, was loaded. At this juncture the complaining witness shouted to one Laurensen, who was present and standing immediately behind the defendant, "Take the gun away from him." Laurensen closed in on the defendant, and, despite his resistance, disarmed him.

This evidence as related by the witnesses for the people was somewhat clouded on cross-examination, and partially disputed by one witness for the defense. However, upon a review of the whole case it is clear that there is ample evidence to support the finding of the jury, implied from the verdict, that the defendant made an attempt to use a deadly weapon with the intent to commit a violent injury upon the person of the complaining witness, and that at the moment when he made the attempt the defendant had the ability to execute his intent.

The fact that the defendant was thwarted in his attempt before it resulted in actual violence did not render his conduct any the less criminal. (*People* v. *McMakin*, 8 Cal. 548; *People* v. *Yslas*, 27 Cal. 631; *People* v. *Lee Kong*, 95 Cal. 666, [29 Am. St. Rep. 165, 30 Pac. 800, 17 L. R. A. 626]; *People* v. *Johnson*, 131 Cal. 512, [63 Pac. 842].)

The trial court, at the request of counsel for the defendant, charged the jury, in the language of section 22 of the Penal Code, with reference to the voluntary intoxication of the defendant, and its effect in determining the intent with which he committed the act charged against him.

The contention of counsel for the defendant that the intoxication of the defendant was not voluntary because the evidence shows that the brandy which produced the intoxication

was taken for medicinal purposes is unworthy of serious consideration. In any event, he cannot now be heard to complain of an instruction which the record shows was given at his request. (*People* v. *Rodley,* 131 Cal. 240, [63 Pac. 351]; *People* v. *Hite,* 135 Cal. 76, [67 Pac. 57].)

It may be, as suggested by counsel for the defense, that the evidence would have justified a verdict finding the defendant guilty of the crime of exhibiting a deadly weapon in a rude and threatening manner; but the allegations of the information would not have supported a judgment of conviction based upon such a verdict, and, therefore, the court did not err in refusing to charge the jury upon the subject matter of section 417 of the Penal Code.

Defendant's requested instruction No. 8 was properly refused. The subject matter of this instruction was substantially and sufficiently covered, not only in the charge of the court given of its own motion, but in defendant's requested instructions Nos. 6 and 7 which were given to the jury.

The charge of the court is not susceptible to the criticism that it omitted to define the essentials of the crime of which the defendant was found guilty. As a whole, the charge of the court fairly and correctly stated the law of the case, and the court was not required to include in every paragraph of its instructions a reference to the essentials of the crime charged in the information or of any lesser offense included therein.

Objection was made at the trial to the introduction of certain testimony to the effect that defendant had on a previous occasion quarreled with and expressed hostility toward the complaining witness. The objection was properly overruled. The testimony was admissible as tending in some degree to show malice and motive. (*People* v. *Kern,* 61 Cal. 244; *People* v. *Chaves,* 122 Cal. 143, [54 Pac. 596].) The objection that the occurrence was too remote from the time of the commission of the offense charged went to the weight rather than to the admissibility of the evidence. (*People* v. *Brown,* 76 Cal. 573, [18 Pac. 678].)

The judgment and order appealed from are affirmed.

Kerrigan, J., and Hall, J., concurred.