[Crim. No. 321. Second Appellate District.—May 15, 1914.]

## THE PEOPLE, Respondent, v. FREDERICK H. RADER, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—MOTION TO SET ASIDE INFORMATION—REVIEW OF ORDER REFUSING.—An order denying a motion to set aside an information charging the accused with an assault with a deadly weapon is not reviewable on appeal, if there is nothing in the record from which it can be learned upon what

grounds the motion was based or what evidence, if any, was offered or showing made in support thereof.

Id.—Arrest of Judgment—Regularity of Preliminary Examination. The defendant in such case will not be permitted to raise the question as to the regularity of the preliminary examination on motion in arrest of judgment.

Id.—Conflicting Evidence—Province of Appellate Court.—Appellate courts in such cases have not the duty or privilege of determining questions of fact arising out of a conflict in the evidence; that duty rests exclusively with the trial judge and jury.

Id.—Evidence—Sufficiency to Support Conviction.—In this prosecution of a man for assault with a deadly weapon upon his wife the evidence is sufficient to warrant his conviction.

Id.—Examination of Witness—Misconduct of District Attorney.— It is not prejudicial or objectionable conduct on the part of the district attorney to propound questions to a witness as to conversations relative to the prosecution of the accused where the witness has stated, without objection, details of the conversation, and the statement objected to is only by way of repetition of what the witness has already said.

Id.—Cross-examination of Accused—Prior Conviction of Felony.— It is proper for the district attorney, on cross-examination of the defendant, to ask whether he has previously been convicted of a felony. If the defendant has been previously convicted and pardoned for some offense, he can, upon advice of his counsel or the court, have the benefit of an instruction as to how he would be entitled under such circumstances to answer the question.

Id.—Prior Threats—Admissibility Against Accused.—In a prosecution of a man for assault upon his wife with a deadly weapon, evidence of prior threats to commit bodily violence toward her is properly admitted against the accused, at least as tending to show his purpose and intent at the time he is charged with having committed the assault. And if on direct examination he states that he has not made such threats, it is proper cross-examination for the district attorney to state particular details showing the contrary of that statement and ask for the defendant's answer as to whether or not those things so stated are true; and it was within the discretion of the court to allow witnesses to be called in rebuttal of the denials of the defendant, even though the matter may have been more proper for proof as part of the main case of the people.

Id.—Argument of District Attorney—Whether Prejudicial Misconduct.—Although the district attorney, in his argument to the jury, is emphatic in his denunciation of the defendant, this is not prejudicial where he calls attention to the testimony from which his inferences are drawn, and the court, at one juncture instructs the

jury directly that certain inferences drawn by the prosecutor are too broad and not to be considered, whereupon a portion of the objectionable remarks is withdrawn.

Id.—Wife as Witness Against Husband.—In a prosecution of a man for assault upon his wife with a deadly weapon, she is a competent witness against him.

Id.—Assault With Deadly Weapon—Absence of Physical Injury.— It is not necessary, in order to establish the commission of the crime, that the accused should have actually cut his intended victim with the knife which he exhibited.

Id.—Defense—Evidence of Ill Feeling Engendered by Third Persons—Evidence in such prosecution is not admissible to show that ill feeling of the husband toward his wife was engendered by her relatives. An assault with a deadly weapon is not justified by a showing that the motive or *animus* prompting it has been produced by improper statements or conduct made by third parties, or even by the complainant.

Id.—Whereabouts of Defendant After Assault—Cross-examination Regarding.—Sustaining an objection to a question to the wife on cross-examination as to whether the defendant continued to live with her up to the time of his arrest, is not prejudicial, when she has given no testimony on direct examination as to his acts or whereabouts after the assault, and the defendant himself is not prevented from proving directly the facts which he seeks to bring out on the cross-examination of his wife.

Id.—Identification of Weapon—Sufficiency of Evidence.—If the wife, when shown a knife and asked whether, according to her best recollection, it is the knife with which the accused threatened to cut her, replies, "Yes sir; that's the knife," the identity of the weapon is thereby sufficiently established.

APPEAL from a judgment of the Superior Court of Kings County. J. W. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

W. R. McQuiddy, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of having committed an assault with a deadly weapon upon the person of his wife, and was sentenced to imprisonment in the state

prison for a term of eighteen months. He has appealed from that judgment.

The evidence introduced on behalf of the people was that furnished chiefly by three witnesses, one being the wife of appellant and the other two her father and sister. This testimony showed that appellant, on the night of the 11th of October, 1913, engaged in a wordy controversy with his wife, the subject being the matter of her persisting in attending a certain church, to which he objected; that finally he became enraged and drew a pocket knife, at the same time seizing her about the head and stating that he was going to kill her. At that moment the sister interfered and the father entered the room at about the same time; whereupon appellant desisted in his attack and dropped the knife back into his pocket. Other evidence was introduced showing that at times prior to the date of the alleged assault appellant had uttered threats against the life of his wife and had previously attempted to cut her with a knife. On his own behalf the defendant denied *in toto* the narrative of the alleged occurrence as detailed by the three witnesses mentioned, and introduced the testimony of other witnesses to show that on the night in question he was not at home until an hour much later than that fixed by the witnesses as the time when the assault occurred.

A motion was made to set aside the information. The clerk's record, referring to proceedings had on that motion, contains the following statement: ''Thereupon defendant by his counsel moves the court to set aside the information in this action upon the grounds stated, which motion after argument thereon was denied.'' Nothing appears in the record from which it can be learned what grounds appellant based this motion upon, or what evidence, if any, was offered or showing made in support thereof. There is, therefore, no matter here presented upon which a review of the ruling made on the motion can be predicated. The order will be deemed to have been correctly made. At the time appellant appeared before the trial judge for sentence a motion in arrest of judgment was made, based principally upon the ground that defendant had been improperly held to answer for trial to the superior court. The transcript of a part of the record of the proceedings had before the committing magistrate

was offered in evidence in support of the motion. Appel-
lant's counsel states in his brief that the objections raised
by his motion in arrest of judgment were the same as those
presented on the motion to set aside the information. Look-
ing to the authenticated record, which must be the sole guide
on a consideration of this appeal, it is not made to appear what
the grounds of the motion to set aside the indictment were. If
the appellant desired to have the question of the correctness
of the ruling of the trial judge, made upon the last men-
tioned motion, examined on appeal, he should have presented
a showing of the grounds of the motion and offered his proof
in support thereof, first to the trial judge and then have
brought the record of those proceedings before this court.
He would not be permitted to raise the question as to the
regularity of the preliminary examination on the motion in
arrest of judgment. The sections of the code providing for
the making of a motion in arrest of judgment and specifying
the grounds thereof, do not authorize this. (Pen. Code,
secs. 1004, 1185.)

It is contended that the evidence was insufficient to warrant
the conviction of appellant. This claim may be answered
briefly: The statement of the general substance of the evi-
dence introduced on behalf of the prosecution, as herein-
before set forth, shows that there was ample evidence upon
which to find the verdict returned by the jury. Counsel for
appellant would have this court weigh the evidence and
determine whether that offered by appellant was sufficient to
raise a reasonable doubt in his favor as against the proof
made by the prosecution. Appellate courts have not the
duty or privilege of determining questions of fact arising
out of a conflict in the evidence; that duty rests exclusively
with the trial judge and jury.

A number of objections were made to the admission and
rejection of testimony. On cross-examination the witness
George W. Sain was asked whether he had not said to the
father of appellant that the prosecution was being carried
on·through motives of revenge. He replied that he had not
so stated, and the district attorney then asked him what was
said at the conversation between the witness and Rader.
The witness replied that Rader, Senior, had said: "I think
you ought to be lenient with Fred and give him another

trial." The witness continued: "I told him that I thought he had had all the trial that any man could ask for since he has been turned out, . . . " This question followed: "You said since he was turned out; what was that part of the conversation that you had at that time with Andrew Rader?" This question was objected to and the objection was sustained. Because of the asking of the question, it is claimed the district attorney was guilty of prejudicial misconduct. No prejudicial or objectionable conduct on the part of the prosecuting officer was shown. The witness had stated without objection details of the conversation between himself and Rader, Senior, and the statement objected to was only by way of repetition of what the witness had already said.

The information filed against appellant contained in the first instance, in addition to the charge of assault with intent to commit murder, an accusation that appellant had previously been convicted of a felony. This charge of a prior conviction was stricken out before trial (for what reason does not appear). The defendant offered himself as a witness and testified on his own behalf. On cross-examination he was asked whether he had not been previously convicted of a felony. The question was objected to and the conduct of the district attorney in asking it was assigned as wrongful and prejudicial to the rights of defendant. The witness answered that he had so been convicted, and when asked for what felony his answer was stopped by an objection which the court sustained. The court then instructed the jury that no consideration was to be given to evidence relating to a former conviction. The district attorney was entitled to ask of appellant, as of any defendant voluntarily giving testimony in aid of his defense, whether he had not been previously convicted of a felony. If, as it seems to be intimated, appellant had been previously convicted and pardoned for some offense, he could have, upon advice of his counsel or the court, had the benefit of an instruction as to how he would be entitled under such circumstances to answer the question. The question of the district attorney in the general form in which it was framed was pertinent, proper, and altogether permissible under the situation as the evidence disclosed it. (Code Civ. Proc., sec. 2051.) It may

be noted that the district attorney by his first question did not point to any particular felony of which appellant may have been previously convicted, but asked him generally as to whether he had not suffered such previous conviction.

Evidence of prior threats to commit bodily violence toward his wife was properly admitted against appellant, at least as tending to show the purpose and intent of appellant at the time he is charged with having committed the assault. (*People* v. *Chaves,* 122 Cal. 134, [54 Pac. 596]; *People* v. *Piercy,* 16 Cal. App. 13, [116 Pac. 322].) On his direct examination the appellant was asked whether he had at any time prior to the date of the alleged assault threatened to cut his wife with a knife, or kill or shoot her. He replied that he had not. It was proper cross-examination for the district attorney to state particular details showing the contrary of that statement and ask for appellant's answer as to whether or not those things so stated were true; and it was within the discretion of the court to allow witnesses to be called in rebuttal of the denials of appellant, even though the matter may have been, as is suggested by counsel, more proper for proof as part of the main case of the people. It is not shown that appellant did not have an opportunity to produce all of the evidence he could or desired to produce on all matters at issue.

Special counsel assisting the district attorney during the argument to the jury was truly most emphatic and plainspoken in his denunciation of appellant. When his choice of language was challenged as being improper, he relieved the objectionable statements of their improper character by calling attention to the testimony from which his inferences were drawn, and so the jury had the opportunity of determining for themselves whether the prosecutor's conclusions were justified. The court also at one juncture instructed the jury directly that certain inferences drawn by the prosecutor were too broad and that they were not to be considered. A portion of the objectionable remarks were thereupon withdrawn. As the record discloses the occurrences at the argument, it does not appear that the conduct of the prosecuting officer should be deemed to have prejudiced the jury against appellant.

It is next claimed that the wife of appellant was not a competent witness to give testimony against him. This objection is based upon the provisions of section 1322 of the Penal Code, which generally prohibit a wife or a husband from testifying against the other in a criminal action. The prohibitive terms of the section, however, are modified by this clause of exception: "Except . . . in cases of criminal violence upon one by the other." Appellant was directly charged with an act of criminal violence committed against his wife.

It was not necessary in order to establish the commission of the crime that appellant should have actually cut his intended victim with the knife which he exhibited. (*People* v. *Piercy*, 16 Cal. App. 13, [116 Pac. 322], and cases therein cited.)

Whether the cause of ill feeling of the husband toward his wife was engendered by the conduct of the immediate relatives of the latter was immaterial, and there was no prejudicial error committed in sustaining objections to questions asked of the wife calculated to show that the interference of relatives had brought about that condition of feeling. An assault with a deadly weapon is not justified by a showing that the motive or *animus* prompting it has been produced by improper statements or conduct made by third parties, or even by the complainant. It is not claimed that the alleged assault was made in necessary self-defense of the person of appellant.

The wife of appellant did not testify on direct examination to any acts of defendant occurring after the night when the alleged assault was committed, or as to his whereabouts from that time up to the date of his arrest, which occurred about seven days later. On cross-examination she was asked whether the appellant did not continue to live with her up to the date of his arrest. This line of examination was objected to on the ground that it was not within the scope of proper cross-examination and that it was immaterial and irrelevant. The objection was sustained. The matter sought to be elicited was, strictly speaking, not proper cross-examination, although the court in the exercise of a reasonable discretion in regulating the examination of the witness might have properly admitted the testimony as tending in some de-

gree, if the jury might so view it, to affect the credibility of the witness. The defendant on his own behalf testified fully in denial of all of the alleged facts upon which the charge was founded, but he did not testify, nor offer to testify, as to what relations he had sustained toward his wife after the night of October 11th. The record does not show that appellant was prevented from proving directly the facts which he sought to bring out on the cross-examination of his wife.

It is objected that the court erred in admitting in evidence the knife claimed to have been the one with which the assault was committed, for the reason that sufficient identification thereof was not shown. The evidence gives no point to this objection. The wife of appellant when asked whether, according to her best recollection, the knife shown her was the knife with which appellant threatened to cut her, replied: "Yes, sir; that's the knife." The strength of this positive statement as to the identity of the knife was not weakened by any qualifying words of the witness.

There are a great many more instances specified by counsel for appellant where it is claimed the court committed prejudicial error in rulings upon the admission and rejection of testimony. Those that have been considered furnish a fair illustration of the general nature and force of these objections. It will not be advantageous or profitable to go to the great length necessary to a detailed discussion of these objections. A careful examination of the matters submitted does not warrant the claim that the alleged errors pointed out were such as to affect any substantial right of appellant. His conviction was made upon sufficient evidence, in substance competent and relevant to the charge contained in the information. The instructions given by the court to the jury presented a correct and sufficiently full statement of the law applicable to the issues.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.