Syllabus.

## TERRITORY *v.* CHEE SIU.

## No. 1296.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.

HON. J. T. DEBOLT, JUDGE.

SUBMITTED MARCH 8, 1921.                    DECIDED MARCH 23, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

SODOMY.

> The morbid rule announced by some early day English and American courts to the effect that in a prosecution for sodomy emission must be proved, cannot be accepted as the true doctrine of the common law.

INDICTMENT AND INFORMATION—*charging crime in different forms of expression.*

> The fact that the one crime is charged more than once in equivalent or synonymous expressions is not fatal to the indictment.

APPEAL AND ERROR—*instruction.*

> Where the instruction is not couched in the identical language of the statute and might be misunderstood the mere saving of an exception to it without request for further instructions presents no error on appeal.

SAME—*rejected evidence.*

> The refusal of the trial court to allow an answer to a question propounded by counsel for the defendant to a witness is not reversible error when the record does not disclose any offer to show what the answer will be and that the answer would be material and competent evidence.

OPINION OF THE COURT BY COKE, C. J.

The defendant, plaintiff in error herein, Chee Siu, was tried and convicted in the circuit court of the first judicial circuit of the crime of sodomy, and comes to this court on a writ of error.

The errors relied upon by the defendant in his brief are as follows:

First, that in the crime of sodomy emission, as well as penetration, must be shown.

Second, that the indictment herein is duplicitous;

Third, that the circuit judge erred in giving to the jury instruction No. 3 requested by the prosecution, to the effect that if the jury believed from the evidence that the act of sodomy itself was not consummated, but that the defendant did at the time and place alleged in the indictment attempt to commit the crime of sodomy, then the jury might find the defendant guilty of an attempt to commit sodomy; and

Fourth, that the trial court erred in sustaining an objection to a question on cross-examination propounded to K. Tomito, a witness called on behalf of the prosecution, as follows:

"Q. Isn't it a fact that you have known the defendant for a number of years and he has always, as far as you know, borne a good reputation, a good character?"

Considering these several assignments of error in their order, we are first required to determine whether under the laws of the Territory of Hawaii in a prosecution for the crime of sodomy emission must be established as a necessary element of the crime. Section 4154 of the Revised Laws of Hawaii, 1915, which denounces the crime of sodomy does not attempt to define it, hence we are relegated to the common law for a definition and for guidance respecting the essential elements required to be established in a prosecution for the crime.

In the time of Lord Coke and later during the Blackstonian period there was much contrariety of opinion as to the law on this subject, but in 1828 it was put at rest by the statute of 9th Geo. IV, c: 31, which declared that

it should not be necessary in this class of cases to prove emission.

In the United States also, it is surprising to note, there has been some diversity of opinion expressed by the courts. Mr. Greenleaf treats of the subject as follows:

"In the proof of *carnal knowledge* it was formerly held, though with considerable conflict of opinion, that there must be evidence both of penetration and of injection. But the doubts on this subject were put at rest in England and by the statute of 9 Geo. IV, c. 31, which enacted that the former of the two facts was sufficient to constitute the offence. Statutes to the same effect have been passed in some of the United States. But, as the essence of the crime consists in the violence done to the person of the sufferer, and to her sense of honor and virtue, these statutes are to be regarded merely as declaratory of the common law, as it has been held by the most eminent judges and jurists both in England and in this country." 3 Greenleaf, Sec. 210.

While Greenleaf was discussing the crime of rape in the foregoing quotation, yet it is universally recognized that rape and sodomy are kindred crimes and that the principles governing one also governs the other, with the distinction that in a prosecution for sodomy there is less reason for requiring proof of emission than in a prosecution for rape.

The subject now before us has not so far as we are advised been presented to the courts of Hawaii, but in prosecutions for rape it has never in this jurisdiction been considered necessary to prove emission. The ridiculous and morbid rule to the contrary announced by some early day English and American courts cannot be accepted as the true doctrine of the common law either as to the crime of rape or the crime of sodomy.

The supreme court of Louisiana in *State* v. *Vicknair,*

28 So. 275, after referring to the fact that it was in the *Hill* case, 1 East P. C. 439 decided in 1781 where proof of emission was held to be necessary, then proceeded to demolish that doctrine in the following language:

"The question, then, is whether the decision in Hill's Case is to be regarded as absolutely conclusive as to what the common law was in 1805, merely because it happened to stand unreversed at that time. We are of opinion that it should not be so regarded, and especially with respect to the particular crime with which the present defendant is charged (sodomy), the enormity of which consists solely in its utter bestiality. We are strengthened in this view by the fact that as early as 1812, in Virginia, and in 1813, in South Carolina, it was held that at common law penetration alone constituted the crime of rape as well as of sodomy. See 2 Archb. Cr. Pl. & Prac. pp. 164, 165, notes, in which it is said: 'In Virginia, as early as 1812, the general court thought that the opinion of Coke, as expressed in his third Institutes (pages 59, 60), and of Lord Hale (1 Hale, P. C. 628), together with the modern decisions in favor of the fact of penetration alone constituting the crime of ràpe as well as sodomy, were more rational than the contrary opinions and decisions, which require both facts to be proved,—citing, also, *State* v. *Le Blanc*, 1 Tread. Const. 354, and *Pennsylvania* v. *Sullivan*, Add. 143.' "

The second assignment of error is that the indictment is duplicitous, the contention being that several separate and distinct crimes are charged against the defendant in the one count thereof, which reads as follows:

"That Chee Siu at the City and County of Honolulu, Territory of Hawaii, and within the jurisdiction of this Honorable Court, on the 25th day of May, nineteen hundred and twenty, feloniously, wickedly and against the order of nature, did have a venereal affair with a certain male human being, to wit, a boy named Hideo Tomita, and then and there feloniously did carnally know the said boy, and then and there feloniously, wickedly and against

the order of nature, with the said boy did commit and perpetrate the abominable and detestable crime of Sodomy."

The most that can be said against the indictment is that the one crime is charged twice in different forms of expression. This, however, is not fatal to the indictment and does not afford grounds for granting the motion in arrest of judgment interposed by the defendant. See *Rep.* v. *Palea,* 12 Haw. 159.

"Duplicity: An indictment or information charging that the accused committed the 'crime against nature' by a certain specific act of carnal knowledge, 'and did then and there commit the crime of sodomy,' the instrument is not open to the objection that it is duplicitous, for the reason that the terms 'crime against nature' and 'sodomy' are equivalent or synonymous expressions and both charge one and the same crime." 2 Whar. Crim. Pro. 10 ed. Sec. 1247.

The third error assigned has reference to instruction No. 3 given to the jury at the request of the prosecution. This instruction reads as follows:

"I instruct you further, gentlemen of the jury, that upon a prosecution for the crime of sodomy if you believe from all the evidence that the act of sodomy itself was not consummated, but that the defendant did at the time and place and in the manner alleged in the indictment attempt to commit the crime of sodomy you may find the defendant guilty of an attempt to commit sodomy."

It is claimed by the defense that this instruction is bad for two reasons, (1) that it omits the rule of reasonable doubt; and (2) that while under Section 3833 of the Revised Laws of Hawaii, 1915, a defendant may upon proper proof be convicted of an assault with intent to commit sodomy, there is no law in this jurisdiction which recognizes an attempt to commit sodomy as a crime.

While the judge of the court below did not embody within this instruction the rule of reasonable doubt, in a subsequent instruction the jury was fully instructed in respect thereto and that was all 'the defendant had a right to ask. No instruction upon the lesser degree of crime was requested by the defendant, and the court instead of attempting to cover the subject by an instruction might well have ignored it. The instruction complained of is not couched in the identical language of the statute but the mere saving of an exception to it without a request for further or other instructions presents no error on appeal. See *Ter.* v. *Furomori,* 20 Haw. 344.

Had the accused under the instruction complained of been convicted of an "attempt" to commit sodomy, or had the court refused a request by the accused to advise the jury of its power to convict him of an assault with intent to commit sodomy under the last paragraph of Sec. 3833, *supra,* some weight might be attached to the contention of the defendant.

But it must be borne in mind that under the statute and as clearly expressed in the instruction, the jury could only find the defendant· guilty of the lesser degree of the crime after it had found that the evidence was insufficient to warrant a conviction for the crime of sodomy.

In this case the jury was satisfied from the evidence of the defendant's guilt of the crime charged which fact of itself indicates that the lesser degree of the crime could not have been involved.

The fourth and last assignment of error complains of the refusal of the trial judge to permit the defendant to attempt to establish a good character upon the cross-examination of one of the witnesses for the prosecution. The ruling of the trial judge in this respect must be˙approved. The question propounded was not proper cross-examination, and the defendant did not make the witness his own.

But even had the question been entirely competent, yet the refusal of the court to permit an answer could not be reversible error unless the defendant made it appear that the answer would have been favorable to him. See *Yim Fat* v. *Gleason,* 24 Haw. 210.

Finding no error in the record the assignments of error are overruled and the judgment below is affirmed.

*Brown, Cristy & Davis* for plaintiff in error.

*W. H. Heen,* City and County Attorney, and *H. E. Stafford,* Third Deputy City and County Attorney, for defendant in error.