## J. W. RUSSELL v. HANNAH MAKAINAI.

## No. 1944.

FILED JULY 19, 1930.                    DECIDED OCTOBER 21, 1930.

### PERRY, C. J., BANKS AND PARSONS, JJ.

*Per Curiam.* This is a petition for a rehearing. The first complaint made by the petitioner is that we erred in deciding that there was sufficient conflict in the evidence regarding an account stated between the parties to require the submission of the question to a jury. Our reasons for this conclusion, as well as the evidence upon which it was based, are fully set forth in the original opinion and need not be repeated. The petitioner's contention is that the evidence was without conflict that William H. Beers was the duly accredited agent of the defendant and as such agreed that the sum of $7500 was a reasonable fee for the services which plaintiff had rendered her prior to May 26, 1927, and that Beers discussed the whole matter with the defendant and she expressed herself as being entirely satisfied with the agreed fee of $7500 and that Beers later represented to the plaintiff that defendant was perfectly satisfied with the agreement as to the amount of the fee and that this, as a matter of law, constituted an account stated between the plaintiff and the defendant.

It may be conceded that according to the evidence Beers was the defendant's agent and that he considered that $7500 was a reasonable fee. But the evidence, as shown by the excerpts quoted in the original opinion, is conflicting as to whether the defendant ever received any information on the subject from either Beers or the plaintiff. When asked on her examination in chief whether

she had had any talk with Mr. Russell about the $7500 fee her answer was: "I knew nothing—I knew nothing about this $7500.00; Mr. Russell never said anything to me about that; I knew nothing about it." As we said in the original opinion, this answer was sufficiently broad to include a denial by the plaintiff that she ever knew anything about the fee of $7500. This, taken in connection with the sharp conflict between the plaintiff's testimony and that of the defendant as to what occurred when the mortgage to the Realty Investment Company and the order to pay the plaintiff $7500 were signed, is sufficient to justify our conclusion that the question of whether there was an account stated should have been submitted to the jury.

The same is true regarding an account settled which the petitioner claims was established by the uncontradicted evidence. As appears from the testimony quoted in the original opinion, there was a decided conflict between the plaintiff and the defendant as to what occurred at the time the order on the Investment Company to pay the plaintiff $7500 was signed. The plaintiff's testimony tended to show that the whole matter was fully explained to the defendant and that she signed the order with full knowledge of its contents. On the other hand, the defendant's testimony tended to show that the order was not explained to her and that she did not know what she was signing. In this state of the evidence the question of whether there was an account settled should have been left to the jury.

The petitioner also contends in connection with this point that the evidence is without conflict that the defendant employed J. Lightfoot, at one time a member of the bar of this court but now deceased, as her attorney to look into the matter of the plaintiff's fees and that Lightfoot, after an investigation, agreed with the plaintiff that

$7500 was a reasonable fee for the services rendered by the plaintiff prior to May 26, 1927, and that this, as a matter of law, was binding on the defendant and justified the instruction of the court below, quoted in the original opinion, withdrawing from the jury the question of whether there was an account stated and settled. Assuming that the state of the evidence is such as is claimed by the petitioner the conclusion of law contended for does not necessarily follow. Lightfoot's investigation of the dispute that had arisen between the plaintiff and the defendant concerning the value of the services rendered by the plaintiff prior to May 26, 1927, was made some time subsequent to the execution of the mortgage for $10,000 and the order on the Investment Company to pay the plaintiff the sum of money mentioned therein and subsequent to the time when the order was cashed. There is nothing in the evidence showing that Lightfoot was authorized by the defendant to bind her by an agreement that the sum of $7500, or any other sum, was a reasonable fee for the plaintiff's services. An attorney at law, employed to investigate a disputed matter between his client and another person, certainly has no implied authority to bind his client by an agreement concerning the matter in controversy. In the absence of uncontradicted evidence that Lightfoot's conclusions regarding the claim of the plaintiff that a fee of $7500 was just and reasonable were reported to the defendant and ratified and confirmed by her, it seems clear that Lightfoot's action could not constitute, as a matter of law, a stated and settled account.

It is also contended by the petitioner that we erred in deciding that the objection to a certain question referred to in the original opinion and propounded to the plaintiff on cross-examination should not have been sustained but overruled. The question referred to, as it appears in the original opinion, is as follows: "All right. Now, we will

go to this: You claim, as I understand it, that Hannah Makainai reasonably owed you for services in the eject- ment suit $2500.00 and up to May 26, 1927, in the parti- tion suit $5,000.00, a total of $7500?" One of the reasons given for the contention that this question was properly disallowed is that it does not appear from the record that an offer was made to show what the answer to the question would be or that it would be material and competent evi- dence. The question related to a matter about which the witness (the plaintiff himself) had already testified. When testifying on direct examination as to what had occurred between himself and W. H. Beers concerning the defend- ant's indebtedness to him the plaintiff stated: "Now, I said, 'Here, Billie, if you speak to Mrs. Makainai she probably will remember Paul's promise to me,' although I don't recall that I had explained to Mrs. Makainai about it; I had explained to Paul but I said, 'Whether Mrs. Makainai remembers or not, my fees are worth $7500.00 and if I am paid $7500.00, I will consider the $2500.00 as forgiven and perfectly satisfied,' and I said to Mr. Beers 'If Mrs. Makainai will recall that, she will be get- ting out of this litigation for $5,000.00.' " Under these circumstances we think it was unnecessary for counsel to state what the plaintiff's answer to the question would be, if required to answer it, or that it would be material evi- dence. The rule laid down in *Territory* v. *Chee Siu,* 25 Haw. 814, 819, and *Smith* v. *Laamea,* 29 Haw. 750, 761, and invoked by the petitioner, that "the refusal of the trial court to allow an answer to a question propounded by counsel for the defendant to a witness is not reversible error when the record does not disclose any offer to show what the answer will be and that the answer would be material and competent evidence," does not include such a situation as this.

The other reasons given in support of this contention

are, we think, also unsound. They were duly considered in the original opinion.

The petitioner also contends that we decided the case upon questions that were not presented either in the briefs or in the oral argument and that he did not have an opportunity to fully and adequately present them. We cannot agree with this contention. The questions decided by us in the original opinion were fully briefed and argued and received our consideration.

The petition is denied without argument under the rule.