[Crim. No. 5846.   In Bank.   May 11, 1956.]

THE PEOPLE, Respondent, v. RAY PROCTOR, Appellant.

D. Wendell Reid and Paul P. Selvin for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SCHAUER, J.—Defendant was charged with violation of section 653f of the Penal Code in that he did "solicit . . . Gerald G. Cohen, to commit and join in the commission of the crime of Burglary." Defendant was tried by the court without a jury. The court determined that defendant was guilty of violation of section 650½ of the Penal Code (which denounces the offenses of injuring the person or property of another, disturbing or endangering the public peace or health,

etc.), "a lesser offense than that charged in the information but necessarily included therein," and defendant was sentenced to the county jail. He appeals from the judgment and various orders hereinafter described. We have concluded that, assuming but not deciding tenability of the trial court's determination that violation of section 650½ is an offense included within section 653f, the solicitation shown here cannot be punished under section 650½ because that section provides that the acts which can be punished thereunder are those "for which no other punishment is expressly prescribed by this code."

By stipulation the case was submitted upon a transcript of the evidence at the preliminary hearing. According to such transcript, Gerald G. Cohen testified that he was introduced to defendant by one Morales at defendant's residence adjoining defendant's real estate office; Cohen was a police officer, but his identity was not disclosed to defendant; defendant produced the keys to two houses, gave Cohen the addresses, and solicited Cohen to commit burglaries of the houses. It is apparent then that if any offense at all was shown, it was the offense of solicitation.

The trial court expressed the view that the People had not met the requirement of section 653f of the Penal Code that "Such offense [solicitation] must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances." However, as stated, the court determined that the evidence showed the "lesser included" offense of violation of section 650½ of the Penal Code.

Section 650½ of the Penal Code provides, "A person who willfully and wrongfully commits any act which seriously injures the person or property of another, or which seriously disturbs or endangers the public peace or health, or which openly outrages public decency, or who willfully and wrongfully . . . uses another's name for accomplishing lewd or licentious purposes . . . or who with intent of accomplishing any lewd or licentious purpose . . . personifies any person other than himself, . . . *for which no other punishment is expressly prescribed by this code,* is guilty of a misdemeanor." (Italics added.)

Defendant argues that it is apparent that the elements of the charged offense of soliciting another to commit burglary do not include essential elements of the offenses described in section 650½. For example, it is suggested, solicitation need not be and here was not committed in circumstances such

that it injured the person or property of another, or *seriously* endangered the *public* peace, or *openly* outraged *public* decency. And there was here no suggestion that in the solicitation defendant was wrongfully using the name of or impersonating another. However, on the face of the record and the clear language of the pertinent code sections there is no occasion for reaching defendant's argument. Assuming for the purposes of this opinion, but not deciding, that the offense denounced by section 650½ might in some conceivable circumstances be considered as included within the offense of solicitation, it is obvious from the italicized language of section 650½ quoted *supra* that here defendant cannot be convicted of that offense. The testimony of Officer Cohen shows that if defendant committed any offense he committed the offense of solicitation to commit burglary. Whether or not this offense of solicitation was proved by evidence which met the requirements of section 653f of the Penal Code, and whether or not it included the elements of a disturbance of the public peace, the offense of solicitation was expressly denounced by section 653f. And section 650½ specifically provides that acts punishable thereunder are only those "for which no other punishment is expressly prescribed by this code."

In addition to appeals from the judgment and order denying a new trial, defendant noticed appeals from an order denying his motion to set aside the judgment and an order denying his motion in arrest of judgment. ■ The order denying the motion in arrest of judgment is not appealable because it is not made after judgment (*People* v. *McGee* (1947), 31 Cal.2d 229, 232 [187 P.2d 706]).

For the reasons above stated, the purported appeal from the order denying the motion in arrest of judgment is dismissed; the judgment, the order denying a new trial, and the order denying the motion to vacate the judgment are reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Spence, J., and Dooling, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.