[Crim. No. 8175. Second Dist., Div. Three. Oct. 17, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LUTHER C. HUNTER, Defendant and Appellant.

Thomas H. Greenwald for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George Roth, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Luther C. Hunter was accused by information in count I of grand theft and in count II of forgery. In a nonjury trial the cause was submitted on the evidence contained in the transcript of the preliminary hearing. Hunter was acquitted of forgery, but upon count I the court found him guilty of violation of section 650½ of the Penal Code, as if it were included in the crime of grand theft. Proceedings were suspended and probation was granted for one year on the condition, among others, that defendant pay a fine of $200. He appeals from the order granting probation, as a judgment.

The facts were: the Superior Court of Los Angeles County approved a compromise of a claim of defendant's daughter, Linda Hunter, a minor, for personal injuries. The net amount due the minor was $618.50. The order required defendant

to deposit the money in Wilshire Federal Savings and Loan Association in defendant's name as trustee for the minor, and to be withdrawn only upon order of the court. Defendant received a check for the amount payable to him as trustee for Linda and to Wilshire Federal Savings and Loan Association. Defendant endorsed the check by writing thereon the name of the loan association and his own name as trustee. The loan association did not authorize the endorsement. Defendant deposited the check to his own account in a Nevada bank.

The sole point on the appeal is that defendant was found guilty of an offense which is not necessarily included in the offense of grand theft.

Section 650½ of the Penal Code provides that any person who commits any of a number of enumerated acts "for which no other punishment is expressly prescribed by this code, is guilty of a misdemeanor."

It is unnecessary to decide whether violation of section 650½ is an offense necessarily included within the offense of grand theft. Defendant could not be found guilty of violation of section 650½ for the reason that it does not apply to a prosecution for grand theft, for which other punishment is prescribed by section 489 of the Penal Code. (*People* v. *Proctor,* 46 Cal.2d 481 [296 P.2d 821].)

The judgment is reversed.

Ford, J., and Files, J., concurred.