[Crim. No. 2747.   Third Dist.   June 6, 1957.]

THE PEOPLE, Respondent, v. SANTIAGO TORRES, Appellant.

Don A. Welsch for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—Appellant was charged with the crime of assault with a deadly weapon. He was convicted as charged and now appeals from the order denying his motion for a new trial.

Appellant owns and operates the El Charrito Café in the city of Los Banos. On September 30, 1956, appellant entered his café about 9 o'clock in the evening. There, he found his waitress and four Mexican Nationals, including Pedro Fuentes, the victim of the assault. After some time, these men requested appellant to drive them back to their labor camp, and upon his refusal, an argument developed, during which appellant swore at two of the Nationals. Fuentes remonstrated with him, and the two men went outside the café. They reentered, apparently on amicable terms with one another, but appellant then requested the men to leave the café. One of the men attempted to strike appellant. After a time appellant went into his kitchen and reappeared with a revolver. Fuentes and the waitress were dancing near a juke box. Without warning, appellant fired a shot, the bullet striking Fuentes, who was about 10 feet away. Thereafter, appellant fired two other shots that struck a refrigerator on the opposite side of the room. One of the men was requested to call the police. Appellant was standing near the telephone with the revolver in his hand. He pointed it and said, "Whoever gets close gets shot." He refused to let the telephone be used. He appeared angry but not drunk. When asked why he fired the shots, he said, "So they would leave," "I shot because I didn't have no head on that night," "So they would leave" because the others wanted to beat

him up, "I didn't have no head." Appellant testified he did not intend to hit anyone with the shots he fired.

Appellant contends the trial court erred in refusing to give a requested instruction, the burden of which was to inform the jury that if defendant fired a revolver with intent only to frighten, the act would not amount to a felony; that the act would fall short of the charged crime of assault with a deadly weapon or the crime of simple assault, and would constitute no more than a misdemeanor, that is, a violation of Penal Code, section 417, which reads:

"Every person who, except in self-defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, or any other deadly weapon whatsoever, in a rude, angry, or threatening manner, or who in any manner, unlawfully uses the same in any fight or quarrel is guilty of a misdemeanor."

Appellant also requested, and the court refused to give, an instruction that the jury might find the defendant guilty of any offense, the commission of which was necessarily included in that with which he was charged, if, in the judgment of the jury, the evidence would support such a verdict. The requested instruction then continued:

"To enable you to apply the foregoing instruction, if your findings of fact require you to do so, I instruct you that the offense of assault with a deadly weapon of which the defendant is charged necessarily includes the crime of drawing, exhibiting or using a firearm or deadly weapon in a rude, angry or threatening manner."

We find no error in the refusal to give the requested instructions. The court correctly defined to the jury the elements of the crime of assault with a deadly weapon. The evidence was ample to sustain the charge. The crime defined by Penal Code, section 417, is not an offense necessarily included within the crime of assault with a deadly weapon.

In *People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512], it is said:

". . . The test in this state of the necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense."

Section 417 of the Penal Code forbids the unlawful use in a fight or quarrel of a deadly weapon and the exhibition of such a weapon in the presence of another person in a rude, angry, or threatening manner. An assault with a

deadly weapon can be committed. without violating any provision of Penal Code, section 417, as by firing a gun through a coat pocket without either drawing or exhibiting the weapon and without then being engaged in a fight or quarrel.

The order appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.