[Crim. No. 8823.   Second Dist., Div. Four.   Feb. 18, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. HOWARD C.
LEECH, Defendant and Appellant.

Bertram H. Ross, under appointment by the District Court
of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, Gilbert F. Nelson and David S.
Sperber, Deputy Attorneys General, for Plaintiff and Re-
spondent.

FILES, P. J.—Defendant was tried under an information charging two counts of assault with a deadly weapon, in violation of Penal Code section 245.[1] A jury found defendant guilty of two counts "of Drawing and Exhibiting a Firearm in Violation of Section 417 Penal Code, a misdemeanor, a lesser and necessarily included offense. . . ."

█ It is necessary to reverse the judgment because the offenses of which defendant was convicted were not within the charges made by the accusatory pleading. (*People* v. *Diamond*, 33 Cal.App.2d 518, 522 [92 P.2d 486].) In *People* v. *Torres*, 151 Cal.App.2d 542 [312 P.2d 9], a conviction for assault with a deadly weapon was affirmed in a case where the trial court had refused the defendant's request that the jury be given the option of finding him guilty of a violation of section 417 as an included offense. The court explained (at p. 544) : "Section 417 of the Penal Code forbids the unlawful use in a fight or quarrel of a deadly weapon and the exhibition of such a weapon in the presence of another person in a rude, angry, or threatening manner. An assault with a deadly weapon can be committed without violating any provision of Penal Code, section 417, as by firing a gun through a coat pocket without either drawing or exhibiting the weapon and without then being engaged in a fight or quarrel."

The Attorney General has argued that the judgment may be saved by application of the principles set forth in *People* v. *Marshall*, 48 Cal.2d 394 [309 P.2d 456], and *People* v. *Collins*, 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326]. In our view, neither of those cases applies here.

In the *Marshall* case the defendant was charged by an information alleging robbery, in violation of Penal Code section 211, in that defendant did forcibly take from the person of the victim an automobile. Defendant was found guilty of a violation of what was then Vehicle Code section 503 (now Vehicle Code section 10851), which made it a felony to take a vehicle without the consent of the owner. The judgment was affirmed. The Vehicle Code offense was not necessarily included within the statutory definition of robbery because robbery does not necessarily involve the taking of a vehicle.

---

[1]Penal Code section 245 reads: "Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable by imprisonment in the State prison not exceeding ten years, or in a county jail not exceeding one year, or by fine not exceeding five thousand dollars, or by both such fine and imprisonment."

Nevertheless, since the information went beyond the words of the robbery statute and identified the property taken as an automobile, all of the elements of the Vehicle Code violation were within the facts pleaded in the information. Hence the information was sufficient to notify the defendant that he was also charged with the Vehicle Code violation, and the conviction for the latter offense was proper.

In the present case the information pleads assault with a deadly weapon in general terms, without alleging that the weapon was displayed in the presence of another in a rude, angry or threatening manner. Thus it is insufficient to give notice that the accused is charged with an offense which includes those elements.

In *People* v. *Collins, supra,* the information charged rape with force in violation of subdivision 3 of section 261 of the Penal Code. The age of the victim was not stated in the information, but the evidence at the preliminary hearing and at the trial showed that her age was 15. Defendant was found guilty of rape in violation of subdivision 1 of section 261 (intercourse with a female under the age of 18). The judgment was affirmed. The Supreme Court pointed out that ''The subdivisions of section 261 do not state different offenses but merely define the different circumstances under which an act of intercourse constitutes the crime of rape.'' (54 Cal.2d at p. 59.) The discrepancy between the pleading and the judgment was treated as a variance which would invalidate the judgment only if prejudicial to the defendant. The court concluded that, since it was established at the preliminary hearing that the victim was 15 years of age, defendant could not have been misled, and the variance was not prejudicial.

In the present case the Attorney General has moved to augment the record on appeal by bringing up the transcript of the preliminary hearing to show that the evidence taken there established that the defendant displayed his weapon in the presence of the victims in a rude, angry and threatening manner. We are denying the motion to augment because we do not believe that the preliminary transcript may be used to expand the information to include a different offense. In the *Collins* case the key to the reasoning of the court was that rape as defined in subdivision 1 and rape as defined in subdivision 3 of section 261 are not different offenses. Nothing in that opinion indicates that a defendant may be found guilty at the trial of any offense shown by the preliminary transcript, irrespective of what is charged by the information. It is true

that under our system of pleading only a very brief statement of the offense is required in the information because the defendant has the benefit of the preliminary transcript to advise him as to the details and as to the circumstances under which it was allegedly committed. (See *People* v. *Roberts,* 40 Cal.2d 483, 486 [254 P.2d 501] ; *People* v. *Burch,* 196 Cal.App.2d 754, 764 [17 Cal.Rptr. 102] ; *People* v. *Mason,* 184 Cal.App. 2d 317, 354 [7 Cal.Rptr. 627].) But this principle has not been extended to the point of authorizing the conviction of a defendant for an offense not charged in the information and not included within the offense charged.

Defendant's notice of appeal refers to both the judgment and the order denying his motion for a new trial. The latter order not being separately appealable (Pen. Code, § 1237), the attempted appeal therefrom is dismissed.

The judgment is reversed.

Jefferson, J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 14, 1965.