[Crim. No. 10594. Second Dist., Div. Four. Aug. 31, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ROOSEVELT DELANO POWELL, Defendant and Appellant.

George L. Vaughn, Jr., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David S. Sperber, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was charged in count 1 of an information, with grand theft auto in violation of section 487, subdivision 3 of the Penal Code. In count 2 of the same information he was charged with taking an automobile without the owner's consent in violation of section 10851 of the Vehicle Code. A jury was waived and the cause was submitted to the court on the testimony contained in the transcript of the preliminary examination with no additional evidence being offered. Defendant was convicted of a violation of section 499b of the Penal Code, which the court determined to be "a lesser and necessarily included offense to that alleged in Count 1 of the information." A not guilty finding was made as to count 2 which charged the section 10851 violation. Motions for new trial and probation were denied and defendant was sentenced to county jail for the term of 180 days.

Defendant contends that he was convicted of an offense not within the charges brought against him. He argues that Penal Code section 499b is not a necessarily included offense within the charge of grand theft auto (Pen. Code, § 487, subd. 3). With this latter statement we must agree.

A defendant may be found guilty of any offense, ". . . the

commission of which is necessarily included in that with which he is charged. . . ." (Pen. Code, § 1159.) "[W]here an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. [Citation.]" (*People* v. *Greer*, 30 Cal.2d 589, 596 [184 P.2d 512].) Further, an offense is necessarily included if it is necessarily included under the language of the accusatory pleading. (*People* v. *Marshall*, 48 Cal.2d 394 [309 P.2d 456]; *People* v. *Meyer*, 216 Cal.App.2d 618, 629 [31 Cal.Rptr. 285].)

In *People* v. *Thomas*, 58 Cal.2d 121 [23 Cal.Rptr. 161, 373 P.2d 97], a defendant was charged with and convicted of violating section 10851 of the Vehicle Code. The defendant claimed that the trial court should have instructed the jury that it could return a verdict of a violation of section 499b of the Penal Code in lieu of the section 10851 violation which was charged. The Supreme Court held that an instruction on section 499b would not have been proper in that case because section 499b was not a necessarily included offense within a complaint so framed as to charge only the violation of section 10851. The court reasoned that it would not necessarily and always follow that the committing of the act denounced by section 10851 "with the intent to deprive the owner of his possession," must necessarily be "for the purpose of temporarily using or operating" the vehicle, as required under section 499b; that the owner of the vehicle could be deprived of possession in many ways which would not necessarily require, as under section 499b, that the defendant use or operate the vehicle.

The court in *Thomas, supra,* further stated: (at pages 127-128) "And in *People* v. *Tellez*, 32 Cal.App.2d 217 [89 P.2d 451], in a prosecution for grand theft of an automobile under section 487 of the Penal Code the court said at pages 219-220: 'The trial judge did not err in refusing to read section 499b of the Penal Code or to give a summary of it to the jury. . . . *It defines a crime separate and distinct from and not necessarily related to theft.*' [Italics added.]" (See also *People* v. *Ray*, 162 Cal.App.2d 308, 312 [328 P.2d 219], wherein this language in *Tellez* is also quoted with approval.

The same reasoning applied in *Thomas* by our Supreme Court in finding that 499b was not necessarily included within a charge of a violation of section 10851, may be used to reach the same result where the charge is a violation of section 487. The unlawful "taking" of the automobile under section 487, need not necessarily be "for the purpose of temporarily using or operating" the vehicle.

 However, we do not believe a reversal is required. It is appropriate to consider the circumstances under which the case was submitted to the trial judge. The record of the preliminary examination contains evidence which would support a finding of guilty of either of the two felonies charged or of the misdemeanor violation of section 499b. The trial consisted only of the stipulation that the case be submitted on that record. Defendant did not offer any evidence or make any argument, either at the preliminary or at the trial. In submitting the case as they did, neither defendant nor his counsel could rationally have anticipated anything other than a finding of guilty of some offense. We can have no doubt that defendant either intended to throw himself completely upon the mercy of the court, or else he had been advised in advance that the court would convict him of a lesser offense.

The record immediately following the stipulation is as follows:

"THE COURT: All right. The record may show that in accordance with your stipulation I have read the transcript of the preliminary examination. The transcript may be received in evidence in accordance with counsel's motion.

"MR. DANIELS: The People rest, your Honor.

"MR. VAUGHN: The defense rests, your Honor.

"THE COURT: Is the matter submitted?

"MR. VAUGHN: The matter is submitted, your Honor.

"MR. DANIELS: Yes, your Honor.

"THE COURT: The Court will find the defendant guilty of violation of 499 B of the Penal Code, a lesser and necessarily included offense to that alleged in Count I of the Information."

The finding thus announced by the trial judge was the most favorable one he could possibly have made for the defendant upon the evidence. This was a decision more favorable to the defendant than he had any reason to expect unless there had been an advance understanding that the offense was to be reduced. For defendant and his counsel to accept the court's leniency, and then to appeal and demand a reversal upon the ground that the court convicted him of the less serious offense, is not a practice which the law ought to encourage or reward. The proper procedure in the superior court would have been for the court to suggest and the defendant to consent that the information be amended (by interlineation or otherwise) by inserting in an appropriate

place the words ''for the purpose of temporarily using the same.'' The defendant could have been rearraigned on the count as thus amended (as prescribed in Pen. Code, § 1009), a plea taken, and the matter submitted on the amended information on the evidence already before the court. With the information so amended, section 499b would have become an ''included offense.'' (*People* v. *Marshall, supra,* 48 Cal.2d 394.)

The omission of this procedure here in no way prejudiced the defendant. This is not a case, such as *People* v. *Hunter,* 208 Cal.App.2d 633 [25 Cal.Rptr. 492], where the defendant was convicted of an offense which was not pleaded, and which the record showed he could not have committed. In the present case the evidence clearly disclosed all of the elements of a violation of section 499b. Nor is this a case such as *People* v. *Leech,* 232 Cal.App.2d 397 [42 Cal.Rptr. 745]. In that case the guilt of the defendant was contested in a trial before a jury, which returned a verdict of guilty of an offense not charged. Where the trial is by jury there is no practicable way of amending the information after the jury has made known its decision to find the defendant guilty of the lesser but nonincluded offense.

Under the circumstances which exist in the present case, we think that the controlling authority is *People* v. *Hensel,* 233 Cal.App.2d 834 [43 Cal.Rptr. 865].* Here, as in that case, a defendant, represented by competent counsel, stood by and acquiesced in a procedure whereby he was forever discharged on the serious counts included in the information as originally filed, and convicted of a less serious offense. Had defendant felt that he was in any way prejudiced by the action of the trial court, he could have prevented the error now relied on by a simple objection. ■ As in *Hensel,* defendant's failure to object must be regarded as an implied consent to treat the information as having been amended to include the offense on which the sentence was imposed, and thus to be a waiver of the only objection—lack of notice of the offense charged—which was available to defendant.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

---

*Hearing in Supreme Court denied.