[Crim. No. 5958. Third Dist. May 13, 1971.]

In re STANLEY B., a Person Coming Under the Juvenile Court Law.
WARREN E. THORNTON, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
STANLEY B., Defendant and Appellant.

## COUNSEL

Philip V. Sarkisian for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Arnold O. Overoye and O. Robert Simons, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BRAY, J.*—Appeal from order of the Sacramento County Superior Court sitting as a juvenile court adjudicating appellant a ward of the court and committing him to the California Youth Authority.

### Questions Presented

1. Jurisdiction of the juvenile court to find appellant guilty of violation of Penal Code section 417.

2. Sufficiency of evidence to support the findings that appellant violated Penal Code section 496.

### Record

On May 14, 1970, petition was filed in the Sacramento County Juvenile Court alleging that appellant is a person coming within the provisions of section 602 of the Welfare and Institutions Code. The petition alleged two counts: count I, violation of Penal Code section 217 (assault with intent to commit murder on Officer Arthur Ballard); count II, violation of Penal Code section 217 (assault with intent to commit murder on Officer Orlie Pane). On June 3, 1970, a supplemental petition was filed under Welfare and Institutions Code section 602. This petition contained two additional counts: count I, violation of Penal Code section 496 (concealing and withholding from owner a stolen .257 caliber rifle, knowing it to be stolen); count II, violation of Penal Code section 245 (assault with a deadly weapon on John Lee Bowden).

On June 12, 1970, after a hearing, the court found appellant to be a person described by Welfare and Institutions Code section 602 and sustained count I of the supplemental petition, violation of Penal Code section

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

496 (withholding rifle from owner) and continued the matter for further hearing. On June 15, 1970, the court on its own motion found that appellant had violated Penal Code section 417 (drawing, exhibiting or using firearm).[1] The court then dismissed the two counts of the original petition (assaults with a deadly weapon with intent to commit murder) and count II of the supplemental petition (assault with a deadly weapon). The court adjudicated appellant a ward of the court and committed him to the California Youth Authority. Appellant appeals.

*Facts*

On May 13, 1970, John Lee Bowden and appellant, then 16 years of age, were together at the home of appellant's girlfriend. An argument took place between the two boys. Appellant claimed that Bowden pulled a knife on him. Appellant threatened to go home, get his gun and shoot Bowden. When appellant left, Bowden called the Sacramento City Police Department, telling of appellant's threats. Officers Pane and Ballard immediately went to the vicinity of the girl's home, where they met Bowden, who told them of appellant's threats. Bowden was in the police car when he and the officers saw appellant in an alley. Appellant fired two shots from the gun he was holding. Officer Pane advised radio of the situation giving appellant's name. Officer Montrose had appellant's address in his files and immediately proceeded there. As he stopped in front of the house, its lights went out and what appeared to be the closing of the back door was heard.

Shortly thereafter appellant came walking out of the house and was apprehended. About this time Officers Pane and Ballard arrived and identified appellant as the one who had done the shooting. An officer searched the house and found a .257 rifle, a box of .44 caliber Magnum bullets and a bandolier. These articles were identified at the trial by a Mr. Clemens as property stolen from him in a burglary on or about October 19, 1969.

Appellant was interviewed by Officer Olwell after advising him of his *Miranda* rights. Appellant admitted having the rifle with him but denied shooting at the officers. He admitted the argument with Bowden and that he was looking for him with the rifle. He had placed two live shells in the gun in the alley. When he saw the squad car, he decided to take the shells out of the chamber. He claimed that in order to do so he had to shoot. He fired two shots into the air. (It was stipulated that after a minute or two

---

[1] In juvenile proceedings the court does not find the juvenile "Guilty" of a crime as in adult proceedings but finds that for determination of wardship the juvenile has or has not violated the law.

of familiarizing himself with the gun, the court bailiff had no difficulty in ejecting the rounds from it after the gun had been loaded without firing it.) After doing so, appellant went into the house through the back door, put the gun in a closet, made himself a sandwich and walked out of the house into the arms of the police. He claimed that about four or five months before, he had purchased the rifle on the street from an unidentified Mexican for $75. Mr. Clemens testified that he had paid $350 for the rifle three or four years prior, and that the current value of the rifle and scope was $200.

Appellant did not testify.

1. Jurisdiction to Find Appellant Guilty of Violating Penal Code Section 417 (exhibiting or using firearm).

■ Appellant contends that the offense described in Penal Code section 417 is not an included offense in any of the offenses charged, and as no formal charge of violating that section was made originally, the court could not find him guilty thereof.[2] After the court had found that appellant was a person coming within the provisions of Welfare and Institutions Code section 602, and that he violated Penal Code section 496 in willfully and unlawfully concealing and withholding the rifle from the owner knowing it to be stolen, the court found that appellant violated Penal Code section 417 (exhibiting or using firearm) and dismissed the charges of violating sections 217 and 245. The court made this disposition in the nature of an amended petition. Appellant made no objection to the court's dismissal of the more serious offenses and substituting the charge for the lesser offense.

In *People v. Francis* (1969) 71 Cal.2d 66 [75 Cal.Rptr. 199, 450 P.2d 591], the defendant was charged with violation of Health and Safety Code section 11531 (selling and giving away marijuana). At a court trial the judge convicted him of violation of Health and Safety Code section 11530 (possession of marijuana), an offense not charged. The reviewing court held that the offense of which the defendant was convicted was not an included offense in the crime charged. However, it pointed out that the evidence was such as to support a conviction of possession that neither the defendant nor his attorney "could rationally have anticipated anything other than a finding of guilt of some offense" (*id.,* at p. 74), and that no objection was made to the court's finding. The court quoted from *People*

---

[2]It has been held that the offense charged in section 417 is not necessarily included in the crime of assault with a deadly weapon. (*People* v. *Birch* (1969) 3 Cal.App.3d 167 [83 Cal.Rptr. 98]; *People* v. *Torres* (1957) 151 Cal.App.2d 542 [312 P.2d 9]; *People* v. *Mueller* (1956) 147 Cal.App.2d 233 [305 P.2d 178]; *People* v. *Diamond* (1939) 33 Cal.App.2d 518 [92 P.2d 486].)

v. *Powell* (1965) 236 Cal.App.2d 884 [46 Cal.Rptr. 417], where the defendant was charged with violation of Penal Code section 487, subdivision 3 (grand theft auto) and Vehicle Code section 10851 (taking auto without owner's consent) and convicted of violation of Penal Code section 499b (taking auto for temporary use), not an included offense.[3] " '[D]efendant, represented by competent counsel, stood by and acquiesced in a procedure whereby he was forever discharged on the serious counts included in the information as originally filed, and convicted of a less serious offense. Had defendant felt that he was in any way prejudiced by the action of the trial court, he could have presented the error now relied on by a simple objection. . . . [D]efendant's failure to object must be regarded as an implied consent to treat the information as having been amended to include the offense on which the sentence was imposed, and thus to be a waiver of the only objection—lack of notice of the offense charged—which was available to defendant.' " (*People* v. *Francis, supra,* 71 Cal.2d at p. 75, quoting from *People* v. *Powell, supra,* 236 Cal.App.2d at p. 888.) This language is particularly appropriate to the situation in the case at bench.

The court in *People* v. *Francis, supra,* 71 Cal.2d at page 75, referred to *People* v. *Hensel* (1965) 233 Cal.App.2d 834, 838-840 [43 Cal.Rptr. 865], where the defendant was found guilty of a crime shown by the evidence but not charged in the information and where the defendant had expressly asked the court to reduce his offense to that found. The court there said at page 840, "We conclude that the effect of the proceedings had in the trial court in this case was to accomplish an informal amendment of the information to include a charge which was supported by the evidence although not by the original information; and that defendant knowingly allowed the case to proceed to judgment on the information as thus amended. Having, by this method, secured an acquittal of the original charge, defendant may not now repudiate the proceedings in which he participated."

In *In re Joe R.* (1970) 12 Cal.App.3d 80 [90 Cal.Rptr. 530], a petition alleging that the minor came within the provisions of Welfare and Institutions Code section 602, in that he had violated Penal Code section 242 (battery) (two counts). A hearing was had before a referee and evidence taken. The referee without objection amended the petition to charge that the minor had violated Penal Code section 148 (interfering with an

---

[3]In *People* v. *Rasher* (1970) 3 Cal.App.3d 798 [83 Cal.Rptr. 724], it was held that under the circumstances there appearing, the offense set forth in 417 was a lesser included offense in that of assault with a deadly weapon. We deem it unnecessary to determine whether under the circumstances of the case at bench, violation of 417 is an included offense in the others charged for the reason that petitioner acquiesced in the action of the trial court in finding that petitioner committed a violation of 417.

officer in the discharge of his duties). The referee found in favor of the minor on the two counts of battery but sustained the interference charge. The court declared the minor a ward. While the reviewing court reversed the order of the trial court on other grounds, it laid down rules for a further hearing. Concerning the contention that the finding that the minor violated Penal Code section 148 violated due process since " 'the charge was not made,' " the court stated at page 85: ". . . The court has authority under the civil rules to amend pleadings to conform to proof (Code Civ. Proc., § 470), as long as the defendant has not been misled to his prejudice in maintaining his defense (Code Civ. Proc., § 469). Assuming, however, that the rules pertaining to criminal pleadings and amendments must be applied to a criminal charge even though made in the juvenile court, we still find no error.

"No objection to the amendment was made at the hearing when the amendment was ordered; the objection cannot be raised for the first time on appeal [citations], especially where no prejudice, e.g., inability to defend against the charge due to surprise, is shown [citation]."

In the instant case the addition of the charge of violation of section 417 was in the nature of an amended petition to which appellant failed to object. Appellant contended in his volunteered statement that he was required to fire the rifle into the air in order to remove the shells. Thus, he was not misled to his prejudice in maintaining his defense.

Among other cases holding that a conviction of a lesser offense (although not an included offense) from that charged in the information, where the defendant made no objection and received the benefit of a dismissal of the more serious offense, and where the evidence supported such conviction, accomplished, in effect, an informal amendment of the information, are *People* v. *Calder* (1970) 6 Cal.App.3d 931 [86 Cal.Rptr. 446]; *People* v. *Chavira* (1970) 3 Cal.App.3d 988 [83 Cal.Rptr. 851]; *People* v. *Rasher* (1970) 3 Cal.App.3d 798 [83 Cal.Rptr. 724]; *People* v. *Taylor* (1969) 273 Cal.App.2d 477 [78 Cal.Rptr. 51].

While in the case at bench appellant did not expressly ask for the offenses charged to be reduced, there were discussions by appellant's counsel and the court relative to sustaining the petition for violation of section 417 and the dismissal of the felony charges. Appellant made no objections to the procedure and acquiesced in it. As a matter of fact, appellant was lucky in that the court was so lenient; appellant should not now be heard to complain about a procedure which in no way prejudiced but actually benefitted him.

## 2. The Evidence of Violation of Penal Code Section 496 is Amply Sufficient.

■ Appellant contends that there was insufficient evidence to support his conviction of violating section 496 (concealing stolen property), in that he claims that there is no evidence of a required element of the offense, namely knowledge of the stolen character of the property. His contention is untenable. Possession of stolen property under suspicious circumstances justifies an inference that the property was received with knowledge that it had been stolen. In the instant case, such circumstances are overwhelming. Appellant claims to have purchased this high powered rifle from an unidentified Mexican, not at a place of business, but rather at an unknown location "near his home" for $75, approximately ⅓ of its real value. While there was testimony to the effect that rifles could be purchased for $35 or $40, there was no testimony that appellant knew that fact, that such rifles were comparable to the stolen one, or that the owner's testimony as to its value was incorrect. The proportionately low price paid in comparison with the value of the property is a suspicious circumstance. (*People* v. *Malouf* (1955) 135 Cal.App.2d 697, 706 [287 P.2d 834].) Purchase of property from a stranger on the street justifies an inference that the property was received with knowledge that it had been stolen. (*People* v. *Barnes* (1962) 210 Cal.App.2d 740, 746 [26 Cal.Rptr. 793].) His rather indefinite explanation of how he obtained the rifle is not only highly suspicious but does not hold water. Possession of stolen property, accompanied by an unsatisfactory explanation of the possession, or by suspicious circumstances will justify an inference that the goods were received with knowledge that they had been stolen. (*People* v. *Lyons* (1958) 50 Cal.2d 245, 258 [324 P.2d 556].)

As stated, the evidence of all the elements of the offense set forth in section 496 is amply sufficient.

Order affirmed.

Pierce, P. J., and Regan, J., concurred.