[Crim. No. 39345. Second Dist., Div. Five. May 5, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWIN THOMAS LEWIS III, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and J. Courtney Shevelson, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Paul C. Ament, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STEPHENS, Acting P. J.**—Defendant was charged with robbery, a violation of Penal Code section 211, and personal use of a handgun within the meaning of Penal Code sections 12022.5 and 1203.06, subdivision (a)(1). The trial was without a jury and the court found there was no gun involved. The court also reasoned that, there being no gun involved, no robbery took place and found defendant not guilty of robbery.[1]

The court then found defendant guilty of burglary in the second degree.

The appeal raises one issue: that burglary is not a lesser included offense to robbery, hence defendant could not legally be found guilty of that offense absent it having been charged; it had not been.

---

[1]"If in fact there is no gun, there cannot be a robbery because there is no force or fear that I can see that would be appropriate without the gun. It could be any number of lesser crimes.

"The court feels that what did happen here is that when Mr. Lewis and his confrere, Mr. Boudraux looked into the store, they say no one was in there. They checked for a moment or two and determined that no one was in the store. They went into the store and took the money. They were then apprehended on the way out by Mr. Diestel, who returned.

"Under those circumstances, entry would have been made with intent to commit a theft. That will constitute a burglary. That is what the court will find occurred here.

"The defendant will be found guilty of burglary in [the] second degree.

"The matter will be placed on calendar for probation and sentencing and any motions.

"What date, Mr. Salter?

"MR. SALTER: Is the court also making a finding of no use of the gun?

"THE COURT: I thought that I had, yes, sir."

The facts are that a Mr. Diestel operated a retail shoe store. He went across a street to purchase some soft drinks and was absent from his store between four and five minutes. He had left the store unoccupied and a cash drawer unlocked. On his return, he saw two persons behind the counter taking money out of his cash drawer and putting it into their pockets.[2] Diestel approached the two persons, one being defendant, and asked what they were doing. According to Diestel, defendant exhibited the butt of a gun and told him to move out of the way. Diestel did so and the persons left the store. Diestel and others chased defendant and the other person and, with the aid of police, the two were caught after about fifteen minutes. No gun was found, but the defendant and his associate had $54 on their persons. This was the amount Diestel said had been removed.

Defendant and his associate testified and denied taking the money or having a gun. They admitted being in the store, but not in the area of the cash drawer. Of course, the conclusion of the judge showed that he believed the money was taken.

■ Was defendant's conviction for second degree burglary proper? No.

It is conceded that burglary is not a lesser included offense to robbery. (*People* v. *Candelaria* (1957) 153 Cal.App.2d 879, 883-884 [315 P.2d 386].) It is likewise conceded that the specific language of the information does not suggest that defendant had to defend against a burglary charge.

The premise asserted by the respondent here is that defendant essentially consented to the uncharged offense for which he was found guilty.

Defendant relies upon *People* v. *Lohbauer* (1981) 29 Cal.3d 364 [173 Cal.Rptr. 453, 627 P.2d 183]. As that court posited and answered its question: "May a defendant be convicted of an offense which is neither specifically charged in the accusatory pleading nor 'necessarily included' within a charged offense, when he does not consent to the substituted charge? We conclude that he may not." (P. 367.) Also, on page 369, the court said: ". . . conviction of the lesser offense may not be sustained 'whether or not there was evidence at his trial to show that he had committed that offense.'"

---

[2]Diestel claimed $54 and some change was taken.

We therefore meet the problem of whether defendant, in this case, *consented* to the lesser finding.

Respondent relies upon *People* v. *Francis* (1969) 71 Cal.2d 66 [75 Cal.Rptr. 199, 450 P.2d 591], *People* v. *Dorsey* (1972) 25 Cal.App.3d 366 [101 Cal.Rptr. 826], and *People* v. *Powell* (1965) 236 Cal.App.2d 884 [46 Cal.Rptr. 417]. These cases are not in point, for in each instance the case was submitted on the preliminary hearing transcript (a slow plea of guilty). (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605-606 [119 Cal.Rptr. 302, 531 P.2d 1086].) Respondent also cites *In re Stanley B.* (1971) 17 Cal.App.3d 530 [95 Cal.Rtpr. 116], and *People* v. *Hensel* (1965) 233 Cal.App.2d 834 [43 Cal.Rptr. 865]. These are not in point, for in each case there was a positive demonstration of consent to the finding on a lesser, even though not included, offense.

We state the cases are not in point, because, unlike the first stated group of cases, there was no submission here. Defendant at all times contended he was not guilty and went to a full trial before the judge. (See *In re Tammie J.* (1980) 101 Cal.App.3d 24, 25-26 [161 Cal.Rptr. 286].) Unlike the cases cited in the second group, we have here no demonstration of acquiescence or consent.[3]

Here defendant sought an acquittal. His counsel made no reference to any possible lesser offense. The court made a clear and definite finding of not guilty as to the robbery, and counsel made sure there was a specific finding against a gun's use. Counsel promptly notified the court of his intention to move for a new trial on the ground of insufficiency of the evidence. It also must be noted that even in a Penal Code section 995 motion counsel argued that, at very most, a petty theft could possibly be discerned from the preliminary hearing record.

Unless we can hold that in the absence of an objection by counsel *a consent is established*, we cannot hold that, in this case, there was consent to the conviction of the lesser crime. We cannot do so under the authorities cited.

[3]There are other similar holdings, and on the same rationale among them see *People* v. *Roeschlaub* (1971) 21 Cal.App.3d 874, 878-880 [98 Cal.Rptr. 888]; *In re Joe R.* (1970) 12 Cal.App.3d 80, 85 [90 Cal.Rptr. 530]; *People* v. *Calder* (1970) 6 Cal. App.3d 931, 934-936 [86 Cal.Rptr. 446]; *People* v. *Chavira* (1970) 3 Cal.App.3d 988, 991-992 [83 Cal.Rptr. 851]; and *People* v. *Rasher* (1970) 3 Cal.App.3d 798, 801-802 [83 Cal.Rptr. 724].

The judgment is reversed.

Ashby, J., and Hastings, J., concurred.