[No. F010343. Fifth Dist. May 11, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS OROZCO DELGADO, JR., Defendant and Appellant.

**COUNSEL**

Michael J. Wong, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe, Roger E. Venturi and Janet Neeley Kvarme, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HAMLIN, Acting P. J.**—Jesus Orozco Delgado, Jr. was convicted after court trial of trespass and vandalism as lesser related offenses of the charged offense of residential burglary. On appeal from the order granting probation, he contends that both convictions are invalid because he did not consent, either expressly or impliedly, to the uncharged lesser related offenses. For reasons to be stated, we will agree.

FACTS

Delgado and a codefendant, Jose Hernandez, were charged with the December 10, 1987, burglary of the residence of Pete Garcia, Hernandez's

father-in-law. On that day, Hernandez and Delgado got a ride to the Garcia residence with Abel Ochoa and his wife, ostensibly so that Hernandez could get money from his wife, from whom he had been separated for two months. Prosecution evidence supported an inference that Hernandez thought that no one would be home at the time he arrived. In fact, Garcia was home alone when Delgado, Hernandez, and the Ochoas arrived. While Hernandez used Garcia's hose to fill the car's radiator, Delgado announced that he had to go to the bathroom. Inside the house, Garcia heard a knock on the door. From the window, he saw Hernandez, as well as the Ochoas, whom he did not know. Putting a gun into his pocket, he walked into the living room. He saw Delgado entering the living room from the kitchen. Seeing Garcia, Delgado turned, ran into a bedroom, and dove through the closed window. Delgado ran to the car and jumped in as it was backing up. The car drove off. The evidence conflicted on whether Garcia had pointed the gun—or simply his hand—at Delgado before he started running. Delgado did not have permission to be in the house.

## DISCUSSION

The parties agree that (1) neither trespass nor vandalism was a lesser included offense of the charged burglary; and (2) substantial evidence supports a finding that Delgado committed each such crime. ■ Further, the parties agree that a defendant may not be "convicted of an offense which is neither specifically charged in the accusatory pleading nor 'necessarily included' within a charged offense, when he does not consent to the substituted charge." (*People* v. *Lohbauer* (1981) 29 Cal.3d 364, 367 [173 Cal.Rptr. 453, 627 P.2d 183].) The requirement of consent in this circumstance rests upon a constitutional basis: " ' "Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." [Citation.]' " (*Id.* at p. 368.) ■ Moreover, it is clear from the record on appeal that, before announcing its decision on the burglary charge against Delgado, the trial court never inquired of Delgado or his counsel whether Delgado consented to the trial court's consideration of the lesser related offenses of trespass and vandalism. Thus, this court is required to decide whether consent to such consideration could reasonably be inferred from the conduct of Delgado or his counsel that preceded or followed the court's announcement of its decision after trial.

Consent to conviction of a lesser related offense has been found based on a defendant's (1) request for jury instruction on a lesser offense (*People* v. *Geiger* (1984) 35 Cal.3d 510, 527-528 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055]; *People* v. *Oden* (1987) 193 Cal.App.3d 1675, 1684 [239

Cal.Rptr. 232]; *People v. Ramos* (1972) 25 Cal.App.3d 529, 539 [101 Cal.Rptr. 230]; *People v. Rasher* (1970) 3 Cal.App.3d 798, 801-803 [83 Cal.Rptr. 724]); (2) request for conviction of a lesser offense (*People v. Geiger, supra,* at pp. 527-528; *People v. Taylor* (1969) 273 Cal.App.2d 477, 485 [78 Cal.Rptr. 51]); (3) stipulation that the lesser offense is necessarily included (*People v. Calder* (1970) 6 Cal.App.3d 931 [86 Cal.Rptr. 446]); or (4) engagement in a slow plea procedure (submission of the matter on the preliminary hearing transcript, without evidence or argument on the defendant's behalf) (*People v. Francis* (1969) 71 Cal.2d 66, 75-76 [75 Cal.Rptr. 199, 450 P.2d 591]).

After briefs were filed in this matter, our Supreme Court decided *People v. Toro* (1989) 47 Cal.3d 966 [254 Cal.Rptr. 811, 766 P.2d 577] (hereafter *Toro*). There the court stated: "At issue is whether the due process right of an accused to be notified of criminal charges renders invalid a conviction for a lesser related offense when no objection was raised at trial to the jury's consideration of the offense. Because submission of lesser related offenses to the jury enhances the reliability of the fact-finding process to the benefit of both the defendant and the People, and because lack of notice is an issue which generally may not be raised for the first time on appeal, we have concluded that when a lesser related offense is submitted to the jury without objection, the defendant must be regarded as having impliedly consented to the jury's consideration of the offense, and that absent other reversible error the judgment of conviction should be affirmed." (*Id.* at pp. 969-970.)

Predictably, Delgado and respondent differ about the effect of *Toro* on this case. Respondent argues "that the rationale utilized by the court in *Toro* is equally applicable in this case, although trial was by the court rather than to a jury. [¶] Although there were no jury instructions or verdict forms involved in the instant case, consent must be inferred by appellant's failure to object at the time the court rendered its verdict." Respondent points to the Supreme Court's explanation of its reliance on *People v. Francis, supra,* 71 Cal.2d 66: "Consent to the trier of fact's consideration of a nonincluded offense has been similarly inferred from a failure to object in cases involving submissions on preliminary hearing transcripts. For example, in *People v. Francis, supra,* 71 Cal.2d 66, the defendant submitted on the transcript without offering additional evidence or argument and, when the trial court announced its finding of guilty on a lesser related offense, counsel thanked the court. In upholding the conviction we quoted from an earlier case presenting similar facts: ' ". . . [D]efendant, represented by competent counsel, stood by and acquiesced in a procedure whereby he was forever discharged on the serious counts included in the information as originally filed, and convicted of a less serious offense. Had defendant felt that he was in any way prejudiced by the action of the trial court, he could have

prevented the error now relied on by a simple objection. . . . [D]efendant's failure to object must be regarded as an implied consent to treat the information as having been amended to include the offense on which the sentence was imposed, and thus to be a waiver of the only objection—lack of notice of the offense charged—which was available to defendant." ' (71 Cal.2d at p. 75, quoting *People* v. *Powell* (1965) 236 Cal.App.2d 884, 888 . . . .)

"Here also, defendant was represented at trial by competent counsel and there was no objection to the procedure which resulted in defendant's acquittal of the serious charges against him. The record shows that after an unreported conference on jury instructions the trial judge, in the absence of the jury, listed by CALJIC number each of the instructions he proposed to give 'absent any objection.' No objection was made to the proposed instructions on battery with serious bodily injury, nor was any objection thereafter raised to the jury's consideration of this uncharged offense. Defendant offered no evidence in his own behalf at the trial and in argument to the jury defense counsel conceded that defendant had stabbed the victim; thus, as in *Francis,* 'neither [defendant] nor his attorney could rationally have anticipated anything other than a finding of guilt on some offense.' (*Francis, supra,* 71 Cal.2d at p. 74.) As in *Francis,* the failure to object to the proposed instructions may be viewed as an implied consent to the trier of fact's consideration of the lesser related offense. . . ." (*People* v. *Toro, supra,* 47 Cal.3d at pp. 976-977, brackets in original.)

Respondent argues: "There is no rational distinction between submitting a case on a slow plea, listening to the trial judge pronounce judgment and failing to object, and submitting to a court trial, listening to the court pronounce judgment and failing to object."

Delgado counters that "slow pleas cannot be viewed as complete trials on the merits. . . . By deciding to try this case before the trial judge, the appellant has not in any fashion waived rights." Delgado distinguishes *Toro* as follows: "First, *Toro* dealt with instructional error. It is clear that the questionable instructions were subject to review by the defendant, that there was an opportunity to object, and there was a conspicuous absence of objection by the defense. It is plausible to assume that silence on the part of the defendant was for tactical reasons.

"The situation in this appeal is distinguishable on many bases. First, this appeal does not deal with instructions, but an independent determination by the trial judge announced at the time of judgment. There in essence was no reasonable opportunity for objection, the judgment of the court having been announced. In fact, the defendant's remedy, or earliest opportunity to chal-

lenge the judgment of the court was by motion for new trial, which the appellant clearly made. [Citation.]

"Consent inferred from silence must be supported by objective factors. None of those factors exist. There was no point during the appellant's trial that an objection could have been, or should have been imposed to the consideration of the lesser related offenses. They were not part of the charging documents, not part of the defense case, and not part of the closing arguments. Were the court to entertain an inference of consent in this case, it would essentially be allowing any defendant who is tried before a judge to be convicted of any related offenses that the judge considered appropriate."

We agree with Delgado that an obvious distinction exists between the slow plea procedure in *People* v. *Francis, supra,* 71 Cal.2d 66 and Delgado's contested court trial. This distinction makes a difference because a defendant who submits the issue of his guilt on the transcript without offering additional evidence or argument effectively consents to be convicted of the greater offense. By doing so, he has impliedly told the court and the prosecutor he is willing to be convicted of any crime that is not more serious than that with which he is charged. In *People* v. *West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409], the Supreme Court held that "The court may accept a bargained plea of guilty or nolo contendere to any lesser offense reasonably related to the offense charged in the accusatory pleading." (*Id.* at p. 611, italics deleted.) In practical effect, the trial court in *People* v. *Francis, supra,* offered that defendant an even more favorable plea bargain than he thought he was getting. In that circumstance, it was reasonable to require Francis to move immediately to vacate the slow plea procedure if he objected to conviction of the lesser related offense.

Delgado's situation here is different. He did not consent—either through a slow plea procedure or by any of the other ways noted above—to be convicted of either the greater (charged) burglary or the lesser (uncharged) related trespass or vandalism. Recognizing that, respondent argues that we should infer consent because the facts presented as Delgado's defense were consistent with the lesser related offenses and Delgado benefited from the dismissal of the greater charge. Respondent cites no authority that supports the position that introduction of evidence to rebut the specific intent element of a crime supports a reasonable inference of consent to conviction of a lesser related offense not requiring specific intent.

In *People* v. *Lohbauer, supra,* 29 Cal.3d 364, the factual basis for a finding of trespass appeared in the defendant's own testimony that he entered the victim's house while "he was intoxicated and mistakenly believed he had entered the home of a woman friend whose home he never before had

visited." (*Id.* at p. 368.) The defendant was acquitted of the charged offense of burglary and convicted of trespass. The Supreme Court held that the trial court lacked jurisdiction to convict defendant of the lesser crime. (*Ibid.*)

In *People* v. *Lewis* (1982) 131 Cal.App.3d 457 [182 Cal.Rptr. 471] the court reversed the burglary conviction of a defendant charged with robbery with gun use. It stated: "[T]here was no submission here. Defendant at all times contended he was not guilty and went to a full trial before the judge. [Citation.] Unlike [citations], we have no demonstration of acquiescence or consent.

"Here defendant sought an acquittal. His counsel made no reference to any possible lesser offense. The court made a clear and definite finding of not guilty as to the robbery, and counsel made sure there was a specific finding against a gun's use. Counsel promptly notified the court of his intention to move for a new trial on the ground of insufficiency of the evidence. . . .

"Unless we can hold that in the absence of an objection by counsel *a consent is established,* we cannot hold that, in this case, there was consent to the conviction of the lesser crime. We cannot do so under the authorities cited." (131 Cal.App.3d at p. 460, fn. omitted.)

While we recognize that the Supreme Court's decision in *Toro* may limit the holdings in *People* v. *Lohbauer, supra,* 29 Cal.3d 364 and *People* v. *Lewis, supra,* 131 Cal.App.3d 457, we do not reach that issue. We simply find no basis for an inference of consent by defendant or receipt of any advantage by him from the trial court's consideration of the related lesser offenses, under the facts of this case.

Respondent's claim that Delgado himself introduced the defense that would lead to the conclusion that a criminal trespass occurred rather than burglary is not supported by the record. Delgado did not testify, and he did not present witnesses who testified to the basis for trespass or vandalism. The factual basis for trespass emerged repeatedly in the direct-examination testimony of prosecution witness Ochoa. Respondent mistakenly attributes to Delgado one reference during Ochoa's cross-examination by codefendant's counsel. Thus, it is apparent that here Delgado did not personally or through defense witnesses present a defense that effectively introduced the lesser offense. The rule respondent asks us to adopt does not support an inference of consent in this case because it is inapplicable under the facts before us.

This leaves for consideration only respondent's assertion that the failure of Delgado and his counsel to object to the trial court's announced decision

supports a reasonable inference of Delgado's consent to conviction of the related offenses of trespass and vandalism. We consider this assertion in light of the totality of the circumstances.

Delgado at all times contended he was not guilty and asked for a full trial by the court. At the close of the prosecution's case, defense counsel moved for acquittal pursuant to Penal Code section 1118. After all evidence had been introduced, defense counsel argued for acquittal of burglary because the evidence did not show intent to steal. Defense counsel did not mention trespass, vandalism, or any other lesser offense. After the court took the weekend to review the evidence and to deliberate without advising the parties it was considering any lesser included related offense, the court announced its decision. It found both Delgado and his codefendant not guilty of burglary but guilty of trespass and Delgado guilty of vandalism. We conclude that failure to object to findings of guilt of lesser related offenses announced by a court after it has found a defendant not guilty of the only offense with which he was charged does not support a reasonable inference of consent to conviction of the lesser related offenses.

The judgment is reversed and the cause is remanded to the trial court with directions to dismiss the information. (*People* v. *Lohbauer, supra,* 29 Cal.3d 364, 373.)

Best, J., and Baxter, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 17, 1989.